# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JULIE PEREIRA, | ) |
|     *Plaintiff*, | ) ) ) |
| v. | )    Case No. 2:24-cv-02380 |
| CITY OF LAKELAND, TENNESSEE, and KATRINA SHIELDS, | ) ) ) ) |
|     *Defendants*. | ) ) |

## FINAL ORDER AND CONSENT DECREE

Pending before the Court is Plaintiff Julie Pereira's Verified Complaint against the Defendants, City of Lakeland, Tennessee and Katrina Shields, in her official capacity as Code Enforcement Officer. As evidenced by the signatures of adversary counsel below, all matters in controversy have been settled and compromised, and subject to the Court's approval, the Parties agree to the following conclusive resolution of this action:

1. Plaintiff posted a sign in her front yard concerning the 2024 presidential election, which reads, "Fuck 'Em Both 2024," and received a citation from the Defendants for violating § 14-405 of the City of Lakeland Municipal Code, which prohibits, among others, signs that contain "statements of an obscene, indecent or immoral character which would offend public morals or decency" and signs that exhibit statements of an obscene nature. (ECF Doc. 1 at 1; ECF Doc. 1-1; ECF Doc. 1-2 at 4, 6; ECF Doc. 1-5 at 2.)

2. Under <u>Cohen v. California</u>, 403 U.S. 15 (1971), the Plaintiff's political sign is not obscene, and the Defendants may not lawfully regulate it based on the viewpoint it expresses.

3. For these reasons, the Court **DECLARES UNCONSTITUTIONAL** the Defendants' enforcement action against the Plaintiff for displaying her unredacted political yard

sign, a copy of which is set forth in the record at Doc. 1-1. The Defendants are thus **PERMANENTLY ENJOINED** from taking any further enforcement action against the Plaintiff for displaying her unredacted political yard sign.

4. Within 30 days of the entry of this Order, the Defendants shall reimburse the Plaintiff $688.45, which constitutes all fines, fees, costs, and expenses she has incurred for displaying her unredacted political yard sign.

5. The Defendants shall pay the Plaintiff nominal damages in the amount of one dollar for violating the Plaintiff's First Amendment rights.

6. Pursuant to 42 U.S.C. § 1988(b), the Plaintiff shall be awarded reasonable attorney's fees in the amount of $31,000.00 and costs in the amount of $811.75, payable to Horwitz Law, PLLC IOLTA within 30 days of the entry of this Order.

7. This Order constitutes the final judgment in this action pursuant to Fed. R. Civ. P. 58. All remaining claims in this litigation, and all other pending matters arising out of, regarding, or relating to this litigation, are dismissed with prejudice and/or denied as moot. The Parties also waive any right of appeal.

IT IS SO ORDERED.

Entered this \_\_\_\_ day of July, 2024.

_____
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY BY:         /s/ Daniel A. Horwitz
                                                  Daniel A. Horwitz, BPR #032176
Melissa Dix, BPR #038535
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
melissa@horwitz.law
(615) 739-2888

Brice M. Timmons #29582
Craig A. Edgington #38205
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 – Telephone
(901) 278-3111 – Facsimile
brice@donatilaw.com
craig@donatilaw.com

*Attorneys for Plaintiff*


/s/ Edward J. McKenney, Jr.
Edward J. McKenney, Jr. #5380
6060 Primacy Parkway
Suite 100
Memphis, TN 38119
Direct 901.432.9216
Tel 901.525.1455
Fax 901.526.4084
emckenney@harrisshelton.com

*Attorney for Defendants*