IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JULIE PEREIRA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:24-cv-02380 |
| § | |
| CITY OF LAKELAND, TENNESSEE, § | |
| and KATRINA SHIELDS, § | |
| § | |
| *Defendants*. § | |



RECEIVED
APR 11 2025
Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

**PLAINTIFF'S MOTION TO ENFORCE COURT ORDER, FOR SANCTIONS AND COSTS AND FEES.**

COMES NOW, Plaintiff, Julie Pereira, pro se (hereinafter "Plaintiff"), and files this Motion to Enforce Court Order, For Sanctions, and For Costs and Fees, pursuant to the Final Order and Consent Decree entered by this Court on July 9, 2024, in the above-captioned matter.

Plaintiff seeks enforcement of the Court's Final Order (ECF No. 21),[1] due to continued noncompliance and fraud by the City of Lakeland, Tennessee, and its authorized agent and liability insurer, Public Entity Partners ("PEP").

As the City's agent for fulfilling court-ordered financial obligations, PEP is directly bound by the terms of the Final Order. However, PEP has not only failed to comply with the Court's directive regarding payment allocations but has also engaged in conduct amounting to misrepresentation of financial records. Specifically, PEP knowingly issued duplicate IRS Forms 1099-MISC to both Plaintiff and her legal counsel for the same court-ordered payments, improperly attributing the entire sum of $32,501.20 as taxable income

---

[1] **Ex. 1,** Final Order (ECF No. 21)

to Plaintiff, while also issuing her Counsel a 1099-MISC for which the aggregate amount includes the $31,501.20[2] from Plaintiff's case. This misreporting constitutes a material misrepresentation under Tennessee law, potentially rising to the level of fraud pursuant to Tenn. Code Ann. § 39-14-121 (Fraudulent Misrepresentation in Business Transactions) and Tenn. Code Ann. § 39-14-105 (Theft of Property or Services), where false reporting results in improper financial burden or benefit.[3]

In addition to constituting contempt of this Court's order, these actions may entitle Plaintiff to civil damages under Tennessee common law for fraudulent misrepresentation, conversion, or civil theft, including possible treble damages under Tenn. Code Ann. § 29-3-104, and punitive damages for willful misconduct. PEP's conduct, as an entity engaged in commercial and financial activities on behalf of the City, may also implicate the Tennessee Consumer Protection Act (TCPA) due to deceptive business practices involving public funds.

PEP's refusal to correct this issue after multiple written requests—including formal correspondence to their registered agent and legal counsel—raises serious legal and ethical concerns. As a publicly funded insurer for Tennessee municipalities, PEP's actions not only violate this Court's order, but also undermine public trust in its financial stewardship. Plaintiff now moves this Court to compel immediate compliance, impose sanctions, and award treble damages, costs, and fees incurred as a result of Defendants' and their agent's continued violation of federal law, IRS regulations, state tort law, Legal precedence and the binding terms of this Court's judgment.

---

[2] **Ex. 2,** Aggregate 1099-MISC to Plaintiff's Counsel
[3] Insomuch as PEP benefits financially from an additional business deduction in excess of ~$32,000

# I. BACKGROUND

1. On July 9, 2024, this Court issued a Final Order and Consent Decree (ECF No. 21), which provided for the following mandatory payments:

2. $688.45 to reimburse Plaintiff for fines, fees, and expenses incurred.

3. $1.00 in nominal damages for the violation of Plaintiff's First Amendment rights.

4. $31,000.00 in attorney's fees and $811.75 in litigation costs, payable directly to Plaintiff's counsel's trust account (IOLTA) at Horwitz Law, PLLC.

5. The City of Lakeland's liability insurer, City PEP, while acting as an Agent of the City of the failed to properly allocate payments in compliance with this Order. See *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (holding that a non-party cannot act on behalf of a party unless they are an agent with direct legal standing); *Nat'l Ass'n of Gov't Employees v. Nat'l Emergency Med. Servs. Ass'n*, 969 F.3d 24 (1st Cir. 2020) (finding that a third party acting as an agent for a named party in litigation may be bound by court orders); *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223 (1975) (holding that entities fulfilling legal obligations of a named party may be treated as agents); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9 (1945) (affirming that agents and instrumentalities of a named party can be bound by court enforcement orders); *United States v. Philip Morris USA Inc.*, 566 F.3d 1095 (D.C. Cir. 2009) (upholding contempt orders for third parties assuming the responsibilities of a bound party). Specifically, PEP:

6. Issued a check payable to the Plaintiff for $1.00 in nominal damages.[4]

7. Issued three checks payable to Horwitz Law, PLLC IOLTA for $31,000 in attorney

---

[4] **Ex. 3,** Check payable to Plaintiff Julie Pereira

fees,[5] $811.75 for attorney expenses,[6] and $688.45 for reimbursement of Plaintiff's fines, costs and expenses[7] for a total of $32,500.20.

8. Issued Plaintiff a Form 1099-MISC[8] improperly attributing the entire $32,501.20 as taxable income to her, (versus the $1.00 per court order), despite the funds being paid directly to her attorney. See *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426 (1955) (holding that taxable income requires an undeniable accession to wealth); *Kovacs v. Commissioner*, 100 T.C. 124 (1993) (finding that litigation reimbursements are not taxable income); *Green v. Commissioner*, 507 F.3d 857 (5th Cir. 2007) (confirming civil rights settlements aimed at restoring a plaintiff's position are not taxable); *Church v. Commissioner*, 80 T.C. 1104 (1983) (holding that reimbursements for out-of-pocket litigation expenses are not gross income); *IRS Code 26 U.S.C. § 104(a)(2)* (excluding civil rights damages from taxable income); *IRS Publication 525* (confirming that litigation reimbursements are not taxable).

9. Refused to correct the erroneous tax reporting, despite multiple requests to do so. See *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949) (holding that a non-party agent with knowledge of a court order may be held liable for its violation); *United States v. Hall*, 472 F.2d 261 (5th Cir. 1972) (confirming that orders are enforceable against those in active concert with a named party); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9 (1945) (finding that agents of a party subject to an order may be held in contempt); *Hutto v. Finney*, 437 U.S. 678 (1978) (allowing sanctions for

---

[5] **Ex. 4,** Check payable to Horwittz Law, PLLC IOLTA for $31,000
[6] **Ex. 5,** Check payable to Horwittz Law, PLLC IOLTA for $811.75
[7] **Ex. 6,** Check payable to Horwittz Law, PLLC IOLTA for $688.45
[8] **Ex. 7,** Form 1099-MISC for $32,201.20 to Plaintiff Julie Pereira

intentional noncompliance with a court order); *International Union, United Mine Workers v. Bagwell,* 512 U.S. 821 (1994) (holding that financial penalties may be imposed for violations of court orders); *Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 787 (1987) (upholding monetary sanctions for bad faith violations of court orders); *Goodyear Tire & Rubber Co. v. Haeger,* 581 U.S. 101 (2017) (granting courts broad discretion to award fees and damages for misconduct).

10. The Court's Order clearly mandates that attorney fees and costs be paid directly to Horwitz Law, PLLC's trust account, not to Plaintiff. PEP's intentional misreporting of these payments has created unnecessary tax liabilities and legal complications for Plaintiff.

11. From January 29, 2024, through February 12, 2025, Plaintiff made multiple written requests for the City of Lakeland, by and through their Attorney Will Patterson, Edward McKenney, and PEP as well as PEP's Registered Agent, Attorney Russell Farrar, to correct the erroneous 1099-MISC.[9]

12. On February 21, 2025, Daniel Horwitz, Esq. notified Danya Feinstein of PEP of the following:

> *The amount reflected on my law firm's 1099 corresponds to the aggregate amount of the attached two judgments, less that $1.00 paid to Ms. Pereira and the $6.00 paid to Mr. Fisher. Under these circumstances, the fact that PEP has attributed to Ms. Pereira the compensation reflected on her 1099 is problematic for many reasons. One, as Ms. Pereira has noted, is that the amount paid to my law firm should never have been attributed to her at*

---

[9] **Ex. 8,** Plaintiff Julie Pereira emails requesting correction erroneous 1099 and compliance with the Order of this court

> *all. More prominently: It is clear that PEP has double-deducted the same expense, attributing the same payment both to my law firm and to Ms. Pereira. I trust that that was merely an oversight; otherwise, it is fraudulent.*[10]

13. On February 25, 2025, Plaintiff added Mr. McKinney, counsel of record for this instant case.[11]

14. On March 3, 2025, Plaintiff's counsel contacted PEP again requesting an update and addressing the inexcusable behavior.[12]

15. On March 5, 2025, Plaintiff's counsel contacted PEP again informing them if this is not resolved by weeks end the misconduct will be addressed formally.[13]

16. On March 7, 2025, PEP's registered agent Russell Farrar sent notice via letter to Plaintiff's counsel indicating:

   > *"…Since your client first contacted PEP, my client has been actively engaged in vetting tax attorneys to respond to her claim. This week, my client talked with a tax attorney who specializes in this area. The firm is currently running a conflicts check which should be concluded by today…"*[14]

17. On March 18, 2025, Plaintiff's counsel emailed Mr. Farrar, giving permission to speak directly to Plaintiff about this issue.[15]

18. On March 19, 2025, Plaintiff reached out directly to Mr. Farrar regarding the status and requested an update by the close of business Thursday March 20, 2025. As of

---

[10] See Ex. 2
[11] **Ex. 9,** Plaintiff Julie Pereira to PEP and City of Lakeland Counsel Mr. McKinney
[12] **Ex. 10,** Horwitz to Ms. Feinstein of PEP
[13] **Ex. 11,** Horwitz to Ms. Feinstein of PEP
[14] **Ex. 12,** Farrar to Horwitz re conflicts check
[15] **Ex. 13,** Horwitz to Farrar

-6-

the date of this filing, PEP, The City of Lakeland and Mr. Farrar continue to ignore Plaintiff's requests for correction and status of said request.[16]

19. The Court's Order clearly mandates that attorney fees and costs be paid directly to Horwitz Law, PLLC's trust account, not to Plaintiff. PEP's intentional misreporting and fraudulent conduct regarding these payments has created unnecessary tax liabilities and legal complications for Plaintiff.

## II. PARTIES

20. Plaintiff Julie Pereira is a citizen of Tennessee and a resident of the City of Lakeland, Tennessee. As the prevailing party in this action, Plaintiff brings this motion to enforce the Court's Final Order and ensure compliance with its directives. Plaintiff firmly believes in the fundamental right to free speech and has actively sought to express her views on the 2024 U.S. presidential election without dilution or censorship. Plaintiff's rights have been vindicated through this litigation, and she now seeks proper enforcement of the Court's judgment. Plaintiff may be contacted at 5055 Adagio Lane, Lakeland TN 38002.

21. Defendant the City of Lakeland, Tennessee, is an incorporated West Tennessee municipality. It may be served with process through its City Attorney, Will Patterson, or its Mayor at 10001 Highway 70 Lakeland, TN 38002 or the attorney of record on this instant case Edward McKenney at 6060 Primacy Parkway, Suite 100 Memphis, TN 38119.

22. PEP is an authorized agent of the City of Lakeland, Tennessee, and is responsible for carrying out its legal and financial obligations. PEP may be served with process through their registered agent, Russell Farrar, at 12 Cadillac Dr. Ste 480,

---

[16] **Ex. 14,** Plaintiff Julie Pereira to Farrar

Brentwood, TN 37027, or their President/CEO, Michael Fann, at 562 Franklin Rd, STE 200, Franklin, TN 37069.

### III. JURISDICTION AND VENUE

23. This Court has jurisdiction over the Plaintiff's federal claims in this civil action pursuant to 28 U.S.C. § 1331 and retains ancillary jurisdiction to enforce its prior orders under *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994).

24. This Court also has jurisdiction to enforce its Final Order and Consent Decree pursuant to 18 U.S.C. § 401, which grants courts the power to enforce compliance with their lawful orders and impose sanctions for disobedience.

25. This Court has supplemental jurisdiction over Plaintiff's related state-law claims for fraudulent misrepresentation, conversion, civil theft, and violations of the Tennessee Consumer Protection Act, pursuant to 28 U.S.C. § 1367(a), as these claims arise from the same set of operative facts as the federal claims and form part of the same case or controversy under Article III of the United States Constitution.

26. This Court has personal jurisdiction over PEP as the authorized agent of the City of Lakeland, responsible for carrying out legal and financial obligations arising from the Court's Final Order. A non-party agent that assumes the responsibilities of a named party may be subject to the Court's jurisdiction under *United States v. Hall,* 472 F.2d 261 (5th Cir. 1972) and *Regal Knitwear Co. v. NLRB,* 324 U.S. 9 (1945).

27. Personal jurisdiction is also proper under Tennessee's Long-Arm Statute, Tenn. Code Ann. § 20-2-214(a), as PEP's conduct—including misrepresentation, issuance of fraudulent tax documents, and interference with a court judgment—was committed in Tennessee and caused tortious injury within the state.

28. This Court also retains jurisdiction over non-parties, such as PEP, where their actions frustrate or interfere with a court's judgment, under *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949), which establishes that non-party agents acting in concert with a named party can be held accountable under the Court's authority.

29. As the judicial district where the Defendants reside and where a substantial part of the events or omissions giving rise to the claim occurred, venue is proper here pursuant to 28 U.S.C. § 1391(b)(1)–(2).

## IV. FACTUAL ALLEGATIONS

30. On July 9, 2024, this Court issued a Final Order and Consent Decree (ECF No. 21), which directed Defendants to make specific payments, including:

31. $688.45 to reimburse Plaintiff for fines, fees, and expenses.

32. $1.00 in nominal damages for violating Plaintiff's First Amendment rights.

33. $31,000.00 in attorney fees and $811.75 in litigation costs, payable directly to Plaintiff's counsel's trust account (IOLTA) at Horwitz Law, PLLC.

34. As the authorized agent of the City of Lakeland, PEP was responsible for ensuring that payments were properly allocated in compliance with the Court's order.

35. Instead of accurately distributing payments in accordance with the Court's Final Order, PEP knowingly and fraudulently misallocated, misreported and "double dipped" accounting of the funds, and refused to correct the fraud when it was pointedly addressed.

36. PEP Erroneously issued Plaintiff a Form 1099-MISC that falsely reported the entire amount of $32,501.20 as Plaintiff's taxable income, instead of reporting it to only the actual recipients (Horwitz Law) as required by IRS regulations.

37. PEP Issued Plaintiff's Counsel a form 1099-MISC for which the aggregate total included $31,501.20, an amount that had already been attributed to Plaintiff in a 1099-MISC.

38. These actions have resulted in inaccurate tax burden on Plaintiff that directly conflicts with federal law.

39. Between January 29, 2025, and March 19, 2025, Plaintiff made multiple written requests to both:

40. The City of Lakeland's attorney, Will Patterson, Edward McKenney and PEP and their Registered Agent, Russell Farrar, requesting they correct the erroneous tax reporting.

41. Despite these repeated efforts, Defendants and their agent, PEP, refused to comply with or correct the issue, even when Plaintiff's counsel got involved to call out the fraud.

42. PEP's failure to properly allocate payments and refusal to correct false tax reporting constitutes a direct violation of the Court's Final Order (ECF No. 21).

43. Defendants' and PEP's actions violate IRS regulations by misreporting taxable income under IRS Instructions for Forms 1099-MISC and 1099-NEC, *Banks v. Commissioner,* 543 U.S. 426 (2005), and *Estate of Clarks v. Commissioner,* 202 F.3d 854 (2000).

44. By failing to comply with this Court's order, PEP is also in contempt of court under 18 U.S.C. § 401.

45. Due to PEP's and Defendants' misconduct, Plaintiff is facing improper tax liabilities, which may:

46. Increase taxable income, leading to potential IRS penalties and interest.

47. Cause unwarranted IRS scrutiny or audits, resulting in additional legal and financial burdens.

48. Plaintiff has been forced to file this Motion to Enforce to compel Defendants and their agent to comply with the Court's Order and rectify the financial harm caused.

49. PEP's act of issuing two separate IRS Forms 1099-MISC for the same $32,501.20 payment—one to Plaintiff and one to her attorney (less the $1 discrepancy attributable to Plaintiff)—constitutes a knowingly false and deceptive financial record that artificially duplicated a single transaction, giving the appearance of two separate deduction to PEP events, where only one occurred.

50. This double-reporting of income resulted in a misrepresentation to the Internal Revenue Service, in violation of IRS regulations and Tennessee laws prohibiting fraudulent misrepresentation in business transactions.

51. By attributing the same funds to two different recipients, PEP effectively "cooked the books," artificially inflating taxable income and exposing Plaintiff to an improper tax liability that would not exist but for the fraudulent filings, while simultaneously fabricating business deductions/expenses to PEP.

52. PEP's misreporting served no legitimate accounting or legal purpose and was not the result of clerical error or misunderstanding; rather, it was a knowing and intentional act of misrepresentation made despite clear guidance from this Court's Order and repeated clarifications by Plaintiff and her counsel.

53. PEP has refused to provide a substantive explanation for the duplicate filings and has not disputed that it issued two 1099s for the same payment, further confirming the intentional nature of the misconduct.

54. PEP's actions have caused ongoing reputational harm to Plaintiff, exposed her to

increased legal and accounting costs, and have created uncertainty regarding her obligations under federal tax law.

55. PEP's conduct in issuing false financial statements while acting on behalf of a Tennessee municipality constitutes deceptive business practices in trade or commerce, and falls within the scope of prohibited acts under the Tennessee Consumer Protection Act.

## V. CAUSES OF ACTION

### CLAIM #1: VIOLATION OF COURT ORDER

56. Violation of Court Order (ECF No. 21): The City's insurer, PEP, acting as an Agent of the City, was responsible for ensuring that payments were made in strict compliance with the Court's order. By misallocating payments and improperly issuing a 1099-MISC to Plaintiff, PEP directly violated the Court's judgment.

### CLAIM #2: VIOLATION OF IRS REGULATIONS AND FEDERAL TAX LAW

57. IRS Instructions for Form 1099-MISC and 1099-NEC – Payments made directly to an attorney for legal fees must be reported on Form 1099-NEC in the attorney's name, not the litigants.

58. *Banks v. Commissioner,* 543 U.S. 426 (2005) – The Supreme Court ruled that when attorneys' fees are awarded and paid directly to an attorney, they are not taxable income to the plaintiff.

59. *Rachel Lemmons v. Commissioner,* 345 F.3d 373 (6th Cir. 2003) – The Sixth Circuit confirmed that litigation recoveries paid directly to attorneys are not taxable income to plaintiffs.

60. *Estate of Clarks v. Commissioner,* 202 F.3d 854 (6th Cir. 2000) – Holding that contingent legal fees paid directly to attorneys should not be attributed to plaintiffs

for tax purposes.

61. IRS Code 26 U.S.C. § 104(a)(2) – Excludes from gross income damages awarded for civil rights violations.

CLAIM #3: VIOLATION OF FEDERAL LAW: CONTEMPT OF COURT (18 U.S.C. § 401)

62. Public Entity Partners' failure to comply with this Court's order constitutes contempt under 18 U.S.C. § 401, which prohibits disobedience of a federal court's ruling. See *McComb v. Jacksonville Paper Co.,* 336 U.S. 187 (1949) (holding that contempt applies to those who knowingly violate a court order, even if not named in the order); *United States v. Hall,* 472 F.2d 261 (5th Cir. 1972) (court orders bind those acting in concert with a named party); *Regal Knitwear Co. v. NLRB,* 324 U.S. 9 (1945) (agents of a party can be held in contempt for disobedience of a court order); *Int'l Union, United Mine Workers v. Bagwell,* 512 U.S. 821 (1994) (courts may impose sanctions for failure to comply with a judicial order); *Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 787 (1987) (upholding contempt penalties for willful disobedience of a federal court ruling)."

CLAIM #4: FRADULENT MISREPRESENTATION (TCA § 39-14-121, Tennessee Common Tort Law See *McKinney,* 852 S.W.2d at 237)

63. Defendant Public Entity Partners (PEP), acting as the City of Lakeland's agent, knowingly made false statements of material fact when it issued an IRS Form 1099-MISC falsely attributing attorney fees, costs, and reimbursements paid directly to counsel as taxable income to Plaintiff.

64. Defendant Public Entity Partners (PEP), acting as the City of Lakeland's authorized agent, knowingly made false statements of material fact when it issued an IRS Form 1099-MISC to Horwitz Law, reporting the same $32,501.20 (less $1.00) for the identical payment to the Plaintiff in her 1099-MISC. This duplicative reporting

falsely represented that the same funds were paid to two different parties, effectively double-counting the transaction and cooking the books to shift tax liability onto Plaintiff. Such conduct constitutes a willful misrepresentation of financial records and a fraudulent manipulation of IRS forms in violation of federal tax regulations and Tennessee law.

### CLAIM #5: CONVERSION (Tennessee Common Tort Law, See *Miller v. Luskin*, 616 S.W.3d 894 (Tenn. Ct. App. 2020); *White v. Empire Exp., Inc.*, 395 S.W.3d 696 (Tenn. Ct. App. 2012))

65. By falsely attributing $32,501.20 of court-ordered payments made directly to Plaintiff's counsel as income to Plaintiff herself, PEP exercised unauthorized control over Plaintiff's legal and financial rights and has made it impossible for her to file her 2024 Federal Income taxes.

66. This misappropriation of Plaintiff's tax identity and IRS reporting status constitutes conversion of Plaintiff's property rights and financial standing for PEP's benefit or administrative convenience.

67. Plaintiff is entitled to damages for PEP's wrongful interference with her property interests and its knowing misuse of her tax reporting rights.

### CLAIM #6: CIVIL THEFT (TAC § 29-3-104)

68. PEP's conduct in knowingly and intentionally misrepresenting tax information and improperly burdening Plaintiff with false income reporting constitutes theft of services under Tenn. Code Ann. § 39-14-105, giving rise to a civil cause of action under § 29-3-104.

69. Plaintiff is entitled to treble damages for the unlawful misappropriation of property or services under Tennessee law, where misrepresentation results in financial harm or unjust enrichment.

-14-

70. PEP's ongoing refusal to correct the misreporting, despite repeated notice, further supports an inference of willfulness justifying enhanced damages.

### CLAIM #7: VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT (TCPA) (TCA § 47-18-104(B)(27))

71. As a commercial entity providing financial and insurance services on behalf of municipalities, PEP is subject to the Tennessee Consumer Protection Act, which prohibits deceptive acts or practices in the conduct of any trade or commerce.

72. PEP's issuance of knowingly inaccurate 1099-MISC forms and its failure to correct the misreporting constitute deceptive business practices under § 47-18-104(b)(27) and related subsections.

73. Plaintiff, as the direct recipient of these deceptive and misleading documents, has suffered actual damages, including improper tax liability, legal exposure, and financial loss.

74. Plaintiff is entitled to actual and statutory damages under the TCPA, as well as attorneys' fees and injunctive relief to ensure correction and accountability.

## VI. PRAYER FOR RELIEF

Based on the City's insurer's blatant disregard for the Court's order and violations of federal tax law, and its willful and fraudulent misrepresentation of financial records, Plaintiff respectfully requests that the Court grant the following relief:

1. An Order directing PEP to immediately correct its IRS Form 1099-MISC reporting, properly attributing the $31,000 attorney's fee payment, $811.75 for attorney expenses and $688.45 for reimbursement of Plaintif's fines, costs and expenses to Plaintiff's legal counsel in accordance with IRS regulations and this Court's Final Order (ECF No. 21).

2. An Order holding The City of Lakeland, and their Authorized Agent PEP in contempt

for violating the Court's Order (ECF No. 21) and imposing appropriate civil penalties under 18 U.S.C. § 401.

3. An award of fees and costs to Plaintiff for the expenses incurred in bringing this motion, pursuant to this Court's inherent authority and applicable statutory provisions.

4. Monetary sanctions against PEP for its deliberate noncompliance with the Court's Final Order, including but not limited to financial penalties, attorney's fees, and any other just relief this Court deems appropriate to ensure deterrence and accountability.

5. Punitive damages under Tennessee common law for PEP's fraudulent misrepresentation, intentional misconduct, and reckless disregard for Plaintiff's rights and federal court orders.

6. An award of treble damages pursuant to Tenn. Code Ann. § 29-3-104 for PEP's civil theft and willful misappropriation of Plaintiff's financial and tax-reporting identity.

7. Statutory damages and injunctive relief under the Tennessee Consumer Protection Act, including the correction of all false records, disgorgement of any improper benefit, and other equitable relief as warranted.

8. Any other relief this Court deems necessary to enforce compliance with its orders, remedy the harm caused by Defendants and their agent, and prevent future abuse of legal and financial processes by PEP or similarly situated entities.

## IV. CONCLUSION

1. The City of Lakeland, by and through its Authorized Agent Public Entity Partners (PEP), has knowingly and willfully violated this Court's Order, federal tax law, and binding Supreme Court precedent by misreporting court-ordered attorney's fees as

taxable income to Plaintiff. Beyond a mere clerical error, PEP engaged in fraudulent and deceptive conduct by issuing duplicate IRS Forms 1099 for the same payment — one to Plaintiff and one to her attorney — in what amounts to a deliberate attempt to shift liability and distort financial records.

2. PEP's actions constitute not only contempt of court, but also fraudulent misrepresentation, conversion, civil theft, and violations of the Tennessee Consumer Protection Act. These acts have caused direct harm to Plaintiff, exposing her to improper tax liability, reputational damage, and the burden of enforcing a judgment that should have been executed in good faith.

3. The Court must enforce its Final Order, compel correction of the false IRS reporting, and impose sanctions and damages sufficient to remedy the harm to Plaintiff and deter similar misconduct in the future.

4. WHEREFORE, Plaintiff respectfully requests that this Court grant this Motion to Enforce, hold Defendants and their agent in contempt, award treble and punitive damages where permitted by law, order the correction of all false records, and award Plaintiff her costs, fees, and all other relief the Court deems just and necessary to ensure compliance and accountability.

Respectfully submitted,

_____
Julie A. Pereira
5055 Adagio Lane
Lakeland, TN 38002
Juliedelgado816@gmail.com
425-280-7310

*Pro Se Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on ~~March~~ April 11, 2025, a true and correct copy of the foregoing Motion to Enforce Court Order, for Sanctions, and for Costs and Fees was served upon the following parties via USPS Mail and/or via email to:

Edward J. McKenney, Jr.
Attorney for Defendants
6060 Primacy Parkway, Suite 100
Memphis, TN 38119
emckenney@harrisshelton.com

Will Patterson
Attorney for Defendants
8001 Centerview Parkway, Suite 103
Memphis, TN 38102
WPatterson@pattersonbray.com

Public Entity Partners (PEP)
Registered Agent: Russell Farrar
12 Cadillac Dr. Ste 480
Brentwood, TN 37027
rfarrar@fbb.law

Public Entity Partners (PEP)
President/CEO Michael Fann
562 Franklin Rd STE 200
Franklin, TN 37069
MGFann@pepartners.org

Julie A. Pereira

*Pro Se Plaintiff*

-18-