# EXHIBIT 1

Case 2:24-cv-02380-MSN-atc    Document 22-1    Filed 04/11/25    Page 2 of 64
PageID 280
Case 2:24-cv-02380-MSN-atc    Document 21    Filed 07/09/24    Page 1 of 3    PageID 258

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JULIE PEREIRA,

    Plaintiff,

v.                                  Case No. 2:24-cv-2380-MSN-atc
                                       JURY DEMAND

CITY OF LAKELAND, TENNESSEE, and
KATRINA SHIELDS,

    Defendants.

## FINAL ORDER AND CONSENT DECREE

      Pending before the Court is Plaintiff Julie Pereira's Verified Complaint against the Defendants, City of Lakeland, Tennessee and Katrina Shields, in her official capacity as Code Enforcement Officer. As evidenced by the signatures of adversary counsel below, all matters in controversy have been settled and compromised, and subject to the Court's approval, the Parties agree to the following conclusive resolution of this action:

      1.    Plaintiff posted a sign in her front yard concerning the 2024 presidential election, which reads, "Fuck 'Em Both 2024," and received a citation from the Defendants for violating § 14-405 of the City of Lakeland Municipal Code, which prohibits, among others, signs that contain "statements of an obscene, indecent or immoral character which would offend public morals or decency" and signs that exhibit statements of an obscene nature. (ECF Doc. 1 at 1; ECF Doc. 1-1; ECF Doc. 1-2 at 4, 6; ECF Doc. 1-5 at 2.)

      2.    Under <u>Cohen v. California</u>, 403 U.S. 15 (1971), the Plaintiff's political sign is not obscene, and the Defendants may not lawfully regulate it based on the viewpoint it expresses.

EXHIBIT 1

Case 2:24-cv-02380-MSN-atc    Document 22-1    Filed 04/11/25    Page 3 of 64
PageID 261
Case 2:24-cv-02380-MSN-atc    Document 20    Filed 07/09/24    Page 2 of 3    PageID 259

3.      For these reasons, the Court **DECLARES UNCONSTITUTIONAL** the Defendants' enforcement action against the Plaintiff for displaying her unredacted political yard sign, a copy of which is set forth in the record at Doc. 1-1.  The Defendants are thus **PERMANENTLY ENJOINED** from taking any further enforcement action against the Plaintiff for displaying her unredacted political yard sign.

4.      Within 30 days of the entry of this Order, the Defendants shall reimburse the Plaintiff $688.45, which constitutes all fines, fees, costs, and expenses she has incurred for displaying her unredacted political yard sign.

5.      The Defendants shall pay the Plaintiff nominal damages in the amount of one dollar for violating the Plaintiff's First Amendment rights.

6.      Pursuant to 42 U.S.C. § 1988(b), the Plaintiff shall be awarded reasonable attorney's fees in the amount of $31,000.00 and costs in the amount of $811.75, payable to Horwitz Law, PLLC IOLTA within 30 days of the entry of this Order.

7.      This Order constitutes the final judgment in this action pursuant to Fed. R. Civ. P. 58.  All remaining claims in this litigation, and all other pending matters arising out of, regarding, or relating to this litigation, are dismissed with prejudice and/or denied as moot.  The Parties also waive any right of appeal.

**IT IS SO ORDERED**, this 9th day of July, 2024.

                                        *s/ Mark S. Norris*
                                        MARK S. NORRIS
                                        UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

Case 2:24-cv-02380-MSN-atc   Document 22-1   Filed 04/11/25   Page 4 of 64
PageID 282
Case 2:24-cv-02380-MSN-atc   Document 21   Filed 07/09/24   Page 3 of 3   PageID 260

APPROVED FOR ENTRY BY:

/s/ Daniel A. Horwitz
Daniel A. Horwitz, BPR #032176
Melissa Dix, BPR #038535
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
melissa@horwitz.law
(615) 739-2888

Brice M. Timmons #29582
Craig A. Edgington #38205
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 – Telephone
(901) 278-3111 – Facsimile
brice@donatilaw.com
craig@donatilaw.com

*Attorneys for Plaintiff*

/s/ Edward J. McKenney, Jr.
Edward J. McKenney, Jr. #5380
6060 Primacy Parkway
Suite 100
Memphis, TN 38119
Direct 901.432.9216
Tel 901.525.1455
Fax 901.526.4084
emckenney@harrisshelton.com

*Attorney for Defendants*

EXHIBIT 1

# EXHIBIT 2

 Gmail                                                        J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

**Daniel A. Horwitz** <daniel@horwitz.law>                                Fri, Feb 21, 2025 at 3:45 PM
To: Danya Feinstein <DFeinstein@pepartners.org>
Cc: J P <juliedelgado816@gmail.com>, Bill Wright <BWright@pepartners.org>, Will Patterson
<WPatterson@pattersonbray.com>, pereira15 <pereira15@hotmail.com>, Michael Fann <MGFann@pepartners.org>

Ms. Feinstein:

I apologize for the delay in interjecting here; I have been occupied with other matters.

I have reviewed this matter as well as the 1099 that PEP sent to my law firm, which is attached. The amount reflected on
my law firm's 1099 corresponds to the aggregate amount of the attached two judgments, less that $1.00 paid to Ms.
Pereira and the $6.00 paid to Mr. Fisher.

Under these circumstances, the fact that PEP has attributed to Ms. Pereira the compensation reflected on her 1099 is
problematic for many reasons. One, as Ms. Pereira has noted, is that the amount paid to my law firm should never have
been attributed to her at all. More prominently: It is clear that PEP has double-deducted the same expense, attributing
the same payment both to my law firm *and* to Ms. Pereira. I trust that that was merely an oversight; otherwise, it is
fraudulent.

It should not be necessary to do anything further here than call the error to your attention. Ms. Pereira should have $1.00
in compensation attributed to her from PEP. **Please confirm that you intend to fix the error promptly.**

All the best,

-Daniel Horwitz

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



[Quoted text hidden]

---

**3 attachments**

📄 **PEP-Horwitz Law, PLLC 1099.pdf**
117K

📄 **Pereira Judgment.pdf**
135K

📄 **Fisher Judgment.pdf**
178K

EXHIBIT 2

☐ CORRECTED (if checked)

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.<br><br>Public Entity Partners<br>562 Franklin Rd<br>Franklin, TN 37069<br><br>(615) 283-4365 | OMB No. 1545-0116<br><br>Form 1099-NEC<br><br>(Rev. January 2024)<br><br>For calendar year<br>2024 | Nonemployee Compensation |
|---|---|---|

| PAYER'S TIN | RECIPIENT'S TIN | 1 Nonemployee compensation | Copy B |
|---|---|---|---|
| 62-1074045 | XXXXX4464 | $ 42447.75 | For Recipient |

RECIPIENT'S name

Daniel A. Horwitz
Horwitz Law PLLC
4016 Westlawn Dr
Nashville, TN 37209

2 Payer made direct sales totaling $5,000 or more of consumer products to recipient for resale ☐

3 $

4 Federal income tax withheld $

5 State tax withheld $ | 6 State/Payer's state no. | 7 State income $

This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported.

Account number (see instructions)
DA-NE-0000192

Form 1099-NEC (Rev. 1-2024)    (keep for your records)    www.irs.gov/Form1099NEC    Department of the Treasury - Internal Revenue Service

## Instructions for Recipient - 1099-NEC (2024)

You received this form instead of Form W-2 because the payer did not consider you an employee and did not withhold income tax or social security and Medicare tax.

If you believe you are an employee and cannot get the payer to correct this form, report the amount shown in box 1 on the line for "Wages, salaries, tips, etc." of Form 1040, 1040-SR, or 1040-NR. You must also complete Form 8919 and attach it to your return. For more information, see Pub. 1779, Independent Contractor or Employee.

If you are not an employee but the amount in box 1 is not self-employment (SE) income (for example, it is income from a sporadic activity or a hobby), report the amount shown in box 1 on the "Other Income" line (on Schedule 1 (Form 1040)).

**Recipient's taxpayer identification number (TIN).** For your protection, this form may show only the last four digits of your TIN (social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN)). However, the issuer has reported your complete TIN to the IRS.

**Account number.** May show an account or other unique number the payer assigned to distinguish your account.

**Box 1.** Shows nonemployee compensation. If the amount in this box is SE income, report it on Schedule C or F (Form 1040) if a sole proprietor, or on Form 1065 and Schedule K-1 (Form 1065) if a partnership, and the recipient/partner completes Schedule SE (Form 1040).

**Note:** If you are receiving payments on which no income, social security, and Medicare taxes are withheld, you should make estimated tax payments. See Form 1040-ES (or Form 1040-ES (NR)). Individuals must report these amounts as explained in these box 1 instructions. Corporations, fiduciaries, and partnerships must report these amounts on the appropriate line of their tax returns.

**Box 2.** If checked, consumer products totaling $5,000 or more were sold to you for resale, on a buy-sell, a deposit-commission, or other basis. Generally, report any income from your sale of these products on Schedule C (Form 1040).

**Box 3.** Reserved for future use.

**Box 4.** Shows backup withholding. A payer must backup withhold on certain payments if you did not give your TIN to the payer. See Form W-9, Request for Taxpayer Identification Number and Certification, for information on backup withholding. Include this amount on your income tax return as tax withheld.

**Boxes 5-7.** State income tax withheld reporting boxes.

**Future developments.** For the latest information about developments related to Form 1099-NEC and its instructions, such as legislation enacted after they were published, go to www.irs.gov/Form1099NEC.

**Free File Program.** Go to www.irs.gov/FreeFile to see if you qualify for no-cost online federal tax preparation, e-filing, and direct deposit or payment options.

☐ VOID ☐ CORRECTED

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.<br><br>Public Entity Partners<br>562 Franklin Rd<br>Franklin, TN 37069<br><br>(615) 283-4365 | OMB No. 1545-0116<br><br>Form 1099-NEC<br><br>(Rev. January 2024)<br><br>For calendar year<br>2024 | Nonemployee Compensation |
|---|---|---|

| PAYER'S TIN | RECIPIENT'S TIN | 1 Nonemployee compensation | Copy 2 |
|---|---|---|---|
| 62-1074045 | XXXXX4464 | $ 42447.75 | To be filed with recipient's state income tax return, when required. |

RECIPIENT'S name

Daniel A. Horwitz
Horwitz Law PLLC
4016 Westlawn Dr
Nashville, TN 37209

2 Payer made direct sales totaling $5,000 or more of consumer products to recipient for resale ☐

3 $

4 Federal income tax withheld $

5 State tax withheld $ | 6 State/Payer's state no. | 7 State income $

Account number (see instructions)
DA-NE-0000192

Form 1099-NEC (Rev. 1-2024)    www.irs.gov/Form1099NEC    Department of the Treasury - Internal Revenue Service

EXHIBIT 2

Case 2:24-cv-02380-MSN-atc    Document 22-1    Filed 04/11/25    Page 8 of 64
PageID 286
Case 2:24-cv-02662-TLP-tmp    Document 14    Filed 11/22/24    Page 1 of 3    PageID
78

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY FISHER. | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | 2:24-cv-02662-TLP-tmp |
| v. | ) | |
| | ) | |
| JOE MCDONALD, HARVEY ELLIS, and | ) | |
| TOWN OF OAKLAND, TENNESSEE. | ) | |
| | ) | |
| Defendants. | ) | |

**CONSENT JUDGMENT**

Plaintiff Jeffrey Fisher and Defendants Joe McDonald, Harvey Ellis, and Town of

Oakland, Tennessee, jointly move for a final order and consent decree.[1]  (ECF No. 12.)  In

accordance with the Joint Motion to Approve Consent Decree, the Parties stipulate to the

following conclusive resolution of this action, and it is **ORDERED, ADJUDGED AND**

**DECREED THAT:**

1.       While running for reelection, Town of Oakland Alderman Jeffrey Fisher placed in his

own front yard political signs promoting his own candidacy and the candidacy of another local

candidate for public office.  (ECF No. 1-1.)  The Town of Oakland then cited Alderman Fisher

for doing so, and Defendants ordered Plaintiff to remove his campaign signs under Oakland

Municipal Ordinance 15-5 § 8-106(8)(a), which provides that "[p]olitical and campaign signs on

---

[1] The Parties attached a signed proposed consent judgment, which the Court construes as a
stipulation of dismissal under Federal Rules of Civil Procedure 41.

1

EXHIBIT 2

Case 2:24-cv-02380-MSN-atc    Document 22-1    Filed 04/11/25    Page 9 of 64
PageID 287
Case 2:24-cv-02662-TLP-tmp    Document 14    Filed 11/22/24    Page 2 of 3    PageID
79

behalf of candidates for public office or measures . . . may be erected no earlier than ninety (90)

days prior to said election[.]"  (ECF No. 1-2; ECF No. 1-3 at PageID 20.)

2.       The United States Supreme Court "has shown special solicitude for forms of expression

that are much less expensive than feasible alternatives and hence may be important to a large

segment of the citizenry[.]"  *Members of City Council of City of L.A. v. Taxpayers for Vincent*,

466 U.S. 789, 812 n.30 (1984).  It also has emphasized that "residential signs play an important

part in political campaigns, during which they are displayed to signal the resident's support for

particular candidates, parties, or causes." *City of Ladue v. Gilleo*, 512 U.S. 43, 55 (1994).

Further, Town of Oakland Municipal Ordinance 15-5 § 8-106(8)(a) treats political signs on

behalf of candidates for public office or measures—which cannot be erected earlier than 90 days

before an election even if a campaign is underway before then—less favorably than signs

promoting other subject matter, and it imposes time limitations on political signs "on behalf of

candidates for public office or measures" that do not apply to other types of political signs.

These restrictions are not the least restrictive means of furthering a compelling governmental

interest.

3.       For these reasons, and at the joint request of the Parties, the Court **DECLARES**

**UNCONSTITUTIONAL**, as violative of the First and Fourteenth Amendments to the United

States Constitution, Oakland Municipal Ordinance 15-5 § 8-106(8)(a) and Defendants'

enforcement action against Plaintiff.  Defendants also are **PERMANENTLY ENJOINED** from

enforcing Oakland Municipal Ordinance 15-5 § 8-106(8)(a).

4.       Within 30 days of the entry of this Order, Defendants shall pay Plaintiff a nominal award

of $6.00.

EXHIBIT 2

Case 2:24-cv-02380-MSN-atc    Document 22-1    Filed 04/11/25    Page 10 of 64
PageID 288
Case 2:24-cv-02662-TLP-tmp    Document 14    Filed 11/22/24    Page 3 of 3    PageID
80

5.    Under 42 U.S.C. § 1988(b), Plaintiff shall be awarded reasonable attorney's fees in the

amount of $9,500.00 and costs in the amount of $447.55, payable to Horwitz Law, PLLC IOLTA

within 30 days of the entry of this Order.

**SO ORDERED**, this 22nd day of November, 2024.

        s/Thomas L. Parker
        THOMAS L. PARKER
        UNITED STATES DISTRICT JUDGE

EXHIBIT 2

Case 2:24-cv-02380-MSN-atc   Document 22-1   Filed 04/11/25   Page 11 of 64
PageID 289
Case 2:24-cv-02380-MSN-atc   Document 21   Filed 07/09/24   Page 1 of 3   PageID 258

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

JULIE PEREIRA,

     Plaintiff,

v.                                                          Case No. 2:24-cv-2380-MSN-atc
                                                            JURY DEMAND

CITY OF LAKELAND, TENNESSEE, and
KATRINA SHIELDS,

     Defendants.

---

### FINAL ORDER AND CONSENT DECREE

---

Pending before the Court is Plaintiff Julie Pereira's Verified Complaint against the Defendants, City of Lakeland, Tennessee and Katrina Shields, in her official capacity as Code Enforcement Officer.  As evidenced by the signatures of adversary counsel below, all matters in controversy have been settled and compromised, and subject to the Court's approval, the Parties agree to the following conclusive resolution of this action:

1.     Plaintiff posted a sign in her front yard concerning the 2024 presidential election, which reads, "Fuck 'Em Both 2024," and received a citation from the Defendants for violating § 14-405 of the City of Lakeland Municipal Code, which prohibits, among others, signs that contain "statements of an obscene, indecent or immoral character which would offend public morals or decency" and signs that exhibit statements of an obscene nature. (ECF Doc. 1 at 1; ECF Doc. 1-1; ECF Doc. 1-2 at 4, 6; ECF Doc. 1-5 at 2.)

2.     Under <u>Cohen v. California</u>, 403 U.S. 15 (1971), the Plaintiff's political sign is not obscene, and the Defendants may not lawfully regulate it based on the viewpoint it expresses.

EXHIBIT 2

3.      For these reasons, the Court **DECLARES UNCONSTITUTIONAL** the Defendants' enforcement action against the Plaintiff for displaying her unredacted political yard sign, a copy of which is set forth in the record at Doc. 1-1.  The Defendants are thus **PERMANENTLY ENJOINED** from taking any further enforcement action against the Plaintiff for displaying her unredacted political yard sign.

4.      Within 30 days of the entry of this Order, the Defendants shall reimburse the Plaintiff $688.45, which constitutes all fines, fees, costs, and expenses she has incurred for displaying her unredacted political yard sign.

5.      The Defendants shall pay the Plaintiff nominal damages in the amount of one dollar for violating the Plaintiff's First Amendment rights.

6.      Pursuant to 42 U.S.C. § 1988(b), the Plaintiff shall be awarded reasonable attorney's fees in the amount of $31,000.00 and costs in the amount of $811.75, payable to Horwitz Law, PLLC IOLTA within 30 days of the entry of this Order.

7.      This Order constitutes the final judgment in this action pursuant to Fed. R. Civ. P. 58.  All remaining claims in this litigation, and all other pending matters arising out of, regarding, or relating to this litigation, are dismissed with prejudice and/or denied as moot.  The Parties also waive any right of appeal.

   **IT IS SO ORDERED**, this 9th day of July, 2024.

                                                          *s/ Mark S. Norris*
                                                          MARK S. NORRIS
                                                          UNITED STATES DISTRICT JUDGE

EXHIBIT 2

Case 2:24-cv-02380-MSN-atc    Document 22-1    Filed 04/11/25    Page 13 of 64
PageID 291
Case 2:24-cv-02380-MSN-atc   Document 21   Filed 07/09/24   Page 3 of 3   PageID 260

APPROVED FOR ENTRY BY:

/s/ Daniel A. Horwitz
Daniel A. Horwitz, BPR #032176
Melissa Dix, BPR #038535
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
melissa@horwitz.law
(615) 739-2888

Brice M. Timmons #29582
Craig A. Edgington #38205
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 – Telephone
(901) 278-3111 – Facsimile
brice@donatilaw.com
craig@donatilaw.com

*Attorneys for Plaintiff*

/s/ Edward J. McKenney, Jr.
Edward J. McKenney, Jr. #5380
6060 Primacy Parkway
Suite 100
Memphis, TN 38119
Direct 901.432.9216
Tel 901.525.1455
Fax 901.526.4084
emckenney@harrisshelton.com

*Attorney for Defendants*

EXHIBIT 2

# EXHIBIT 3



PUBLIC ENTITY PARTNERS

Formerly The Pool
(615) 371-0049

SunTrust
401 Commerce St
SunTrust

64-79

611-TN

CHECK NUMBER **2087669**

Date: 08/13/24

VOID AFTER 120 DAYS

$ **1.00**

**PAY** One Dollar and No Cents

TO THE ORDER OF
Pereira, Julie
5055 Adagio Lane
Lakeland, TN 38002

Two Signatures Required for Amounts over $50,000

⑈ 2087669⑈ ⑉061100790⑈ 88006 24721⑈

Public Entity Partners (615) 371-0049

The IRS determines what elements of any payment, settlement proceeds/damages are taxable. We report all payments that meet federal reporting requirements to the IRS. You, and if you used legal counsel, both may recieve a 1099 at year end.

Payee: Pereira, Julie

Check Number: 2087669

| FEIN/SSN: | ###-##-0388 | Examiner: | Paul Sexton | Check Total: | $1.00 |
| Loss Date: | 06/06/24 | Claimant: | Pereira, Julie | Check Date: | 08/13/2024 |
| Claim #: | LIX61623-1 | Member: | Lakeland, City of | | |

| From | Through | Invoice Number | Description |
|---|---|---|---|
| | | Payment Amount | Comment |
| 06/06/2024 | 06/06/2024 | | L-Non Phy Inj, NonBI LOC Clmt/Clmt Atty Fees Only |
| | | 1.00 | |

**EXHIBIT 3**

# EXHIBIT 4

THIS CHECK IS VOID WITHOUT A GREEN BACKGROUND AND AN ARTIFICIAL WATERMARK ON THE BACK - HOLD AT ANGLE TO VIEW - BORDER CONTAINS MICROPRINTING

**PUBLIC ENTITY PARTNERS**

SunTrust
401 Commerce St
SunTrust

| CHECK NUMBER | 2087101 |

Formerly The Pool
(615) 371-0049

Date:    07/11/24

84-79

611-TN

VOID AFTER 120 DAYS

PAY    Thirty One Thousand  Dollars and No Cents

$    31,000.00

TO THE
ORDER
OF

Horwitz Law, PLLC IOLTA
4016 Westlawn Dr
Nashville, TN 37209

Two Signatures Required for Amounts over $50,000

Public Entity Partners (615) 371-0049

The IRS determines what elements of any payment, settlement proceeds/damages are taxable. We report all payments that meet federal reporting requirements to the IRS. You, and if you used legal counsel, both may recieve a 1099 at year end.

Payee:    Horwitz Law, PLLC IOLTA

| FEIN/SSN: | ###-##-4464 | Examiner: | Paul Sexton | Check Number: | 2087101 |
| Loss Date: | 06/06/24 | Claimant: | Pereira, Julie | Check Total: | $31,000.00 |
| Claim #: | LIX61623-1 | Member: | Lakeland, City of | Check Date: | 07/11/2024 |

| From | Through | Invoice Number | | Description | |
| | | Payment Amount | | Comment | |
| 06/06/2024 | 06/06/2024 | | | L-Non Phy Inj, NonBI LOC Clmt/Clmt Atty Fees Only | |
| | | 31000.00 | | | |

Harris Shelton Hanover Walsh PLLC
Edward J. McKenney Jr.
6060 Primacy Parkway Suite 100

Memphis, TN 38119

EXHIBIT 4

# EXHIBIT 5

THIS CHECK IS VOID WITHOUT A GREEN BACKGROUND AND AN ARTIFICIAL WATERMARK ON THE BACK – HOLD AT ANGLE TO VIEW – BORDER CONTAINS MICROPRINTING

**PUBLIC ENTITY**
**PARTNERS**

Formerly The Pool
(615) 371-0049

SunTrust
401 Commerce St
SunTrust

CHECK
NUMBER

2087013

Date:    07/10/24

64-79
811-TN

VOID AFTER 120 DAYS

$    811.75

PAY    Eight Hundred Eleven Dollars and Seventy Five Cents

TO THE
ORDER
OF

Horwitz Law, PLLC IOLTA
4016 Westlawn Dr
Nashville, TN 37209

Two Signatures Required for Amounts over $50,000

---

Public Entity Partners (615) 371-0049

The IRS determines what elements of any payment, settlement proceeds/damages are taxable. We report all payments that meet federal reporting requirements to the IRS. You, and if you used legal counsel, both may recieve a 1099 at year end.

Payee:    Horwitz Law, PLLC IOLTA

| FEIN/SSN: | ###-##-4464 | Examiner: | Paul Sexton | Check Number: | 2087013 |
| Loss Date: | 06/06/24 | Claimant: | Pereira, Julie | Check Total: | $811.75 |
| Claim #: | LIX61623-1 | Member: | Lakeland, City of | Check Date: | 07/10/2024 |

| From | Through | Invoice Number | | Description | |
| | | Payment Amount | | Comment | |
| 06/06/2024 | 06/06/2024 | | | L-Non Phy Inj, NonBI LOC Clmt/Clmt Atty Fees Only | |
| | | 811.75 | | | |

---

Harris Shelton Hanover Walsh PLLC
Edward J. McKenney Jr.
6060 Primacy Parkway Suite 100

Memphis, TN 38119

EXHIBIT 5

# EXHIBIT 6

THIS CHECK IS VOID WITHOUT A GREEN BACKGROUND AND AN ARTIFICIAL WATERMARK ON THE BACK – HOLD AT ANGLE TO VIEW – BORDER CONTAINS MICROPRINTING

**PUBLIC ENTITY PARTNERS**

Formerly The Pool
(615) 371-0049

SunTrust
401 Commerce St
SunTrust

64-79
611-TN

| CHECK NUMBER | 2087014 |
|---|---|

Date:    07/10/24

VOID AFTER 120 DAYS

$    688.45

PAY    Six Hundred Eighty Eight Dollars and Forty Five Cents

TO THE
ORDER
OF
Horwitz Law, PLLC IOLTA
4016 Westlawn Dr
Nashville, TN 37209

Two Signatures Required for Amounts over $50,000

Public Entity Partners (615) 371-0049

The IRS determines what elements of any payment, settlement proceeds/damages are taxable. We report all payments that meet federal reporting requirements to the IRS. You, and if you used legal counsel, both may recieve a 1099 at year end.

| Payee: | Horwitz Law, PLLC IOLTA | | | Check Number: | 2087014 |
|---|---|---|---|---|---|
| FEIN/SSN: | ###-##-4464 | Examiner: | Paul Sexton | Check Total: | $688.45 |
| Loss Date: | 06/06/24 | Claimant: | Pereira, Julie | Check Date: | 07/10/2024 |
| Claim #: | LIX61623-1 | Member: | Lakeland, City of | | |

| From | Through | Invoice Number | | Description | |
|---|---|---|---|---|---|
| | | Payment Amount | | Comment | |
| 06/06/2024 | 06/06/2024 | | | L-Non Phy Inj, NonBI LOC Clmt/Clmt Atty Fees Only | |
| | | 688.45 | | | |

Harris Shelton Hanover Walsh PLLC
Edward J. McKenney Jr.
6060 Primacy Parkway Suite 100

Memphis, TN 38119

EXHIBIT 6

# EXHIBIT 7

☐ CORRECTED

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | | 1 Rents<br>$ | 2 Royalties<br>$ | OMB No. 1545-0115 |
|---|---|---|---|---|
| Public Entity Partners<br>562 Franklin Rd<br>Franklin, TN 37069<br><br><br>(615) 283-4365 | | 3 Other income<br>$         32501.20 | 4 Federal income tax withheld<br>$ | Form **1099-MISC**<br>(Rev. January 2024)<br>For calendar year<br>**2024** |
| | | 5 Fishing boat proceeds<br>$ | 6 Medical and health care payments<br>$ | **Miscellaneous Information** |
| PAYER'S TIN<br>62-1074045 | RECIPIENT'S TIN<br>XXXXX0388 | 7 Payer made direct sales totaling $5,000 or more of consumer products to recipient for resale ☐ | 8 Substitute payments in lieu of dividends or interest<br>$ | **Copy B**<br>**For Recipient** |
| RECIPIENT'S name<br><br>Julie Pereira<br>5055 Adagio Lane<br>Lakeland, TN 38002 | | 9 Crop insurance proceeds<br>$ | 10 Gross proceeds paid to an attorney<br>$ | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| | | 11 Fish purchased for resale<br>$ | 12 Section 409A deferrals<br>$ | |
| | | 14 Excess golden parachute payments<br>$ | 15 Nonqualified deferred compensation<br>$ | |
| Account number (see instructions)<br>PE-A -0000651 | 13 FATCA filing requirement ☐ | 16 State tax withheld<br>$ | 17 State/Payer's state no. | 18 State income<br>$ |

Form **1099-MISC** (Rev. 1-2024)          (keep for your records)          www.irs.gov/Form1099MISC          Department of the Treasury - Internal Revenue Service

## Instructions for Recipient - 1099-MISC (2024)

**Recipient's taxpayer identification number (TIN).** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN). However, the payer has reported your complete TIN to the IRS.

**Account number.** May show an account or other unique number the payer assigned to distinguish your account.

**Amounts shown may be subject to self-employment (SE) tax.** Individuals should see the Instructions for Schedule SE (Form 1040). Corporations, fiduciaries, or partnerships must report the amounts on the appropriate line of their tax returns.

**Form 1099-MISC incorrect?** If this form is incorrect or has been issued in error, contact the payer. If you cannot get this form corrected, attach an explanation to your tax return and report your information correctly.

**Box 1.** Report rents from real estate on Schedule E (Form 1040). However, report rents on Schedule C (Form 1040) if you provided significant services to the tenant, sold real estate as a business, or rented personal property as a business. See Pub. 527.

**Box 2.** Report royalties from oil, gas, or mineral properties; copyrights; and patents on Schedule E (Form 1040) instructions. For royalties on timber, coal, and iron ore, see Pub. 544.

**Box 3.** Generally, report this amount on the "Other income" line of Schedule 1 (Form 1040) and identify the payment. The amount shown may be payments received as the beneficiary of a deceased employee, prizes, awards, taxable damages, Indian gaming profits, or other taxable income. See Pub. 525. If it is trade or business income, report this amount on Schedule C or F (Form 1040).

**Box 4.** Shows backup withholding or withholding on Indian gaming profits. Generally, a payer must backup withhold if you did not furnish your TIN. See Form W-9 and Pub. 505 for more information. Report this amount on your income tax return as tax withheld.

**Box 5.** Shows the amount paid to you as a fishing boat crew member by the operator, who considers you to be self-employed. Self-employed individuals must report this amount on Schedule C (Form 1040). See Pub. 334.

**Box 6.** For individuals, report on Schedule C (Form 1040).

**Box 7.** If checked, consumer products totaling $5,000 or more were sold to you for resale, on a buy-sell, a deposit-commission, or other basis. Generally, report any income from your sale of these products on Schedule C (Form 1040).

**Box 8.** Shows substitute payments in lieu of dividends or tax-exempt interest received by your broker on your behalf as a result of a loan of your securities. Report on the "Other income" line of Schedule 1 (Form 1040).

**Box 9.** Report this amount on Schedule F (Form 1040).

**Box 10.** Shows gross proceeds paid to an attorney in connection with legal services. Report only the taxable part as income on your return.

**Box 11.** Shows the amount of cash you received for the sale of fish if you are in the trade or business of catching fish.

**Box 12.** May show current year deferrals as a nonemployee under a nonqualified deferred compensation (NQDC) plan that is subject to the requirements of section 409A plus any earnings on current and prior year deferrals.

**Box 13.** If the FATCA filing requirement box is checked, the payer is reporting on this Form 1099 to satisfy its account reporting requirement under chapter 4 of the Internal Revenue Code. You may also have a filing requirement. See the Instructions for Form 8938.

**Box 14.** Shows your total compensation of excess golden parachute payments subject to a 20% excise tax. See your tax return instructions for where to report.

**Box 15.** Shows income as a nonemployee under an NQDC plan that does not meet the requirements of section 409A. Any amount included in box 12 that is currently taxable is also included in this box. Report this amount as income on your tax return. This income is also subject to a substantial additional tax to be reported on Form 1040, 1040-SR, or 1040-NR. See the instructions for your tax return.

**Boxes 16–18.** Show state or local income tax withheld from the payments.

**Future developments.** For the latest information about developments related to Form 1099-MISC and its instructions, such as legislation enacted after they were published, go to www.irs.gov/Form1099MISC.

**Free File Program.** Go to www.irs.gov/FreeFile to see if you qualify for no-cost online federal tax preparation, e-filing, and direct deposit or payment options.

☐ CORRECTED (if checked)

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | | 1 Rents<br>$ | 2 Royalties<br>$ | OMB No. 1545-0115 |
|---|---|---|---|---|
| Public Entity Partners<br>562 Franklin Rd<br>Franklin, TN 37069<br><br><br>(615) 283-4365 | | 3 Other income<br>$         32501.20 | 4 Federal income tax withheld<br>$ | Form **1099-MISC**<br>(Rev. January 2024)<br>For calendar year<br>**2024** |
| | | 5 Fishing boat proceeds<br>$ | 6 Medical and health care payments<br>$ | **Miscellaneous Information** |
| PAYER'S TIN<br>62-1074045 | RECIPIENT'S TIN<br>XXXXX0388 | 7 Payer made direct sales totaling $5,000 or more of consumer products to recipient for resale ☐ | 8 Substitute payments in lieu of dividends or interest<br>$ | **Copy 2** |
| RECIPIENT'S name<br><br>Julie Pereira<br>5055 Adagio Lane<br>Lakeland, TN 38002 | | 9 Crop insurance proceeds<br>$ | 10 Gross proceeds paid to an attorney<br>$ | **To be filed with recipient's state income tax return, when required.** |
| | | 11 Fish purchased for resale<br>$ | 12 Section 409A deferrals<br>$ | |
| | | 14 Excess golden parachute payments<br>$ | 15 Nonqualified deferred compensation<br>$ | |
| Account number (see instructions)<br>PE-A -0000651 | 13 FATCA filing requirement ☐ | 16 State tax withheld<br>$ | 17 State/Payer's state no. | 18 State income<br>$ |

Form **1099-MISC** (Rev. 1-2024)          www.irs.gov/Form1099MISC          Department of the Treasury - Internal Revenue Service

EXHIBIT 7

# EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

## 1099 for Lakeland Lawsuit

---

**J P** <juliedelgado816@gmail.com>                                                        Wed, Jan 29, 2025 at 2:18 PM
To: BWright@pepartners.org, "Daniel A. Horwitz" <daniel@horwitz.law>

Good Afternoon Mr. Wright,

Thank you for taking my very confused call today. Attached is the 1099 your company sent me with my name and my SSN.

I won a federal lawsuit against the city of Lakeland and to my knowledge, the attorney fees were sent directly to my attorney who I have included in this email. The only payment I received was $1.

I believe your company owes me a 1099 for $1 (attached), and that should be all.

Can you please help me get to the bottom of this, this 1099 about gave me a heart attack today.

Kindly,

Julie

---

**2 attachments**

📄 **$1 Check Public Entity Partners .pdf**
630K

📄 **2024 1099 Public Entity Partners.pdf**
1583K

**EXHIBIT 8**

 Gmail                                                J P <juliedelgado816@gmail.com>

---

## 1099 for Lakeland Lawsuit

**J P** <juliedelgado816@gmail.com>                              Fri, Jan 31, 2025 at 12:03 PM
To: BWright@pepartners.org, "Daniel A. Horwitz" <daniel@horwitz.law>

Good afternoon Mr. Wright,

I am following up on this email.  I'd reallt like to file my taxes but I cannot till this is resolved.

Thank you,

Julie Pereira
[Quoted text hidden]

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

## 1099 for Lakeland Lawsuit

J P <juliedelgado816@gmail.com>                                    Fri, Jan 31, 2025 at 12:55 PM
To: DFeinstein@pepartners.org

Good afternoon,

Sending to this email address per Mr. Wright's OOO.  Can you please assist in getting to the bottom of this?

I believe this check was paid directly to my attorney, the court order awarded attorney fees directly to the attorney, not me
and therefore this 1099 should be in my attorneys name.  That is my understanding at least.

Thank you,

Julie Pereira
[Quoted text hidden]

---

**2 attachments**

📄 **$1 Check Public Entity Partners .pdf**
630K

📄 **2024 1099 Public Entity Partners.pdf**
1583K

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

**Danya Feinstein** <DFeinstein@pepartners.org>                    Mon, Feb 3, 2025 at 9:59 AM
To: J P <juliedelgado816@gmail.com>
Cc: Bill Wright <BWright@pepartners.org>

I believe he spoke with our Finance Department and they advised it was handled correctly. Absent
something from you indicating it was not handled correctly, it cannot be changed. You need to take the copy
of the check you received and settlement agreement to your tax preparer and he/she can determine how
much is taxable.





**Danya Feinstein, ARM**

Liability and Property Supervisor

DFeinstein@PEpartners.org

562 Franklin Road, Suite 200 · Franklin, TN 37069

O: 615-371-6046

T: 800-979-6157

F: 615-370-0593

www.PEpartners.org

**This message may contain confidential information. If you
are not the intended recipient, please advise the sender
immediately by reply e-mail and delete this message and
any attachments. Thank you.**

**From:** J P <juliedelgado816@gmail.com>
**Sent:** Friday, January 31, 2025 12:55 PM
**To:** Danya Feinstein <DFeinstein@PEpartners.org>
**Subject:** EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

✎    **EXTERNAL MESSAGE WITH ATTACHMENT(S) - Think/Review Before You CLICK!**

---

EXHIBIT 8

 Gmail                                                    J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

J P <juliedelgado816@gmail.com>                                          Mon, Feb 3, 2025 at 3:41 PM
To: Danya Feinstein <DFeinstein@pepartners.org>
Cc: Bill Wright <BWright@pepartners.org>, "Daniel A. Horwitz" <daniel@horwitz.law>, Will Patterson
<wpatterson@pattersonbray.com>, pereira15 <pereira15@hotmail.com>

Thank you Dayna for your reply,

Based on IRS regulations and legal precedent, I believe the reporting on this 1099 NEC related to my First
Amendment lawsuit is improper and I am respectfully requesting that it be corrected.

**1. Attorney's Fees Should Not Be Reported as My Income**

The Sixth Circuit Court of Appeals in 345 F. 3d 373 (2003), and Estate of Clarks v. Commissioner, 202 F.3d
854 (2000), clarify that when an attorney receives a contingent fee from a litigation award, the plaintiff does
not constructively receive that portion as income. Similarly, in my case, my attorney was awarded
approximately $32,000, which I never personally received. The city's issuance of a 1099-NEC suggesting I
was paid that amount is incorrect and should be corrected to reflect the accurate payee. (*The Court of
Appeals for the Sixth Circuit reversed in part. 345 F. 3d 373 (2003). It agreed the net amount received by
Banks was included in gross income but not the amount paid to the attorney. Relying on its prior decision in
Estate of Clarks v. Commissioner, 202 F. 3d 854 (2000), the court held the contingent-fee agreement was not
an anticipatory assignment of Banks' income because the litigation recovery was not already earned, vested,
or even relatively certain to be paid when the contingent-fee contract was made*)

**2. Reimbursement of Court Costs and Fees is Not Taxable Income**

Reimbursements of court costs and filing fees are not taxable income under IRS rules because they are
merely restoring an individual to their prior financial position. IRS guidance confirms that amounts paid to
reimburse expenses are not compensation and should not be reported on for. 1099-NEC.

The IRS instructions for Form 1099-NEC state that this form is used to report nonemployee compensation
for services rendered. However, a **reimbursement/refund for court costs is not compensation** for services
performed and should not be reported as income to me.

Per **IRS Publication 525 (Taxable and Nontaxable Income)**, a reimbursement is not considered income
unless it represents a gain. Since my court costs were merely refunded, they should not be included in any
tax reporting.

Additionally, **26 U.S.C. § 62(a)(20) & (21)** allows deductions for attorney's fees and court costs in cases
involving civil rights violations. This reinforces that these amounts are not taxable income to me.

**3. The Proper Tax Treatment**

If the City intends to report the attorney's fees, they should be reported directly to the attorney, not to me.
Additionally, the refund of my court costs should not be reported on a 1099-NEC at all.

I respectfully request that the City **correct** the 1099-NEC and issue either:

1. A corrected 1099 that omits improperly reported amounts, or

**EXHIBIT 8**

2. A statement confirming that the instant case 1099-NEC has been rescinded to prevent any IRS discrepancies.

Please confirm how the City plans to address this issue. I appreciate your prompt attention to this matter, as tax reporting deadlines are approaching.

Thank you,

Julie Pereira

[Quoted text hidden]

**IMG_7335.jpeg**
289K

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

### RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

**Daniel A. Horwitz** <daniel@horwitz.law>
To: J P <juliedelgado816@gmail.com>
Cc: Danya Feinstein <DFeinstein@pepartners.org>, Bill Wright <BWright@pepartners.org>, Will Patterson <WPatterson@pattersonbray.com>, pereira15 <pereira15@hotmail.com>

It was not handled correctly. All but $1.00 was paid and made payable to my law firm, and all but $1.00 should be reported to my law firm based on the W-9 I provided.

Best,

-Daniel

_
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



On Feb 3, 2025, at 3:41 PM, J P <juliedelgado816@gmail.com> wrote:

Thank you Dayna for your reply,

Based on IRS regulations and legal precedent, I believe the reporting on this 1099 NEC related to my First Amendment lawsuit is improper and I am respectfully req
corrected.

**1. Attorney's Fees Should Not Be Reported as My Income**

The Sixth Circuit Court of Appeals in 345 F. 3d 373 (2003), and Estate of Clarks v. Commissioner, 202 F.3d 854 (2000), clarify that when an attorney receives a con
litigation award, the plaintiff does not constructively receive that portion as income. Similarly, in my case, my attorney was awarded approximately $32,000, which
received. The city's issuance of a 1099-NEC suggesting I was paid that amount is incorrect and should be corrected to reflect the accurate payee. (*The Court of App
Circuit reversed in part. 345 F. 3d 373 (2003). It agreed the net amount received by Banks was included in gross income but not the amount paid to the attorney. Rei
decision in Estate of Clarks v. Commissioner, 202 F. 3d 854 (2000), the court held the contingent-fee agreement was not an anticipatory assignment of Banks' incom
litigation recovery was not already earned, vested, or even relatively certain to be paid when the contingent-fee contract was made*)

**2. Reimbursement of Court Costs and Fees is Not Taxable Income**

Reimbursements of court costs and filing fees are not taxable income under IRS rules because they are merely restoring an individual to their prior financial position
guidance confirms that amounts paid to reimburse expenses are not compensation and should not be reported on for. 1099-NEC.

The IRS instructions for Form 1099-NEC state that this form is used to report nonemployee compensation for services rendered. However, a **reimbursement/refun**
**not compensation** for services performed and should not be reported as income to me.

Per **IRS Publication 525 (Taxable and Nontaxable Income)**, a reimbursement is not considered income unless it represents a gain. Since my court costs were mer
should not be included in any tax reporting.

Additionally, **26 U.S.C. § 62(a)(20) & (21)** allows deductions for attorney's fees and court costs in cases involving civil rights violations. This reinforces that these a
taxable income to me.

**3. The Proper Tax Treatment**

If the City intends to report the attorney's fees, they should be reported directly to the attorney, not to me. Additionally, the refund of my court costs should not be re
NEC at all.

I respectfully request that the City **correct** the 1099-NEC and issue either:

1. A corrected 1099 that omits improperly reported amounts, or
2. A statement confirming that the instant case1099-NEC has been rescinded to prevent any IRS discrepancies.

Please confirm how the City plans to address this issue. I appreciate your prompt attention to this matter, as tax reporting deadlines are approaching.

Thank you,

Julie Pereira

On Mon, Feb 3, 2025 at 7:59 AM Danya Feinstein <DFeinstein@pepartners.org> wrote:

I believe he spoke with our Finance Department and they advised it was handled correctly. Absent something from you indicating it was not handled correctly, it c
You need to take the copy of the check you received and settlement agreement to your tax preparer and he/she can determine how much is taxable.

**EXHIBIT 8**

 Gmail                                                    J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

J P <juliedelgado816@gmail.com>                                    Thu, Feb 6, 2025 at 1:33 PM
To: "Daniel A. Horwitz" <daniel@horwitz.law>
Cc: Danya Feinstein <DFeinstein@pepartners.org>, Bill Wright <BWright@pepartners.org>, Will Patterson
<WPatterson@pattersonbray.com>, pereira15 <pereira15@hotmail.com>, MGFann@pepartners.org

Good Afternoon,

Mr. Patterson and Ms. Feinstein I am following up on the status of this and requesting an update from the City please.
While I don't expect this to be resolved overnight, I would hope that the City could communicate the plans to rectify this
and what kind of timeline I am looking at.

Thank you,

Julie Pereira
[Quoted text hidden]

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

**RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit**

**Danya Feinstein** <DFeinstein@pepartners.org>
To: J P <juliedelgado816@gmail.com>, "Daniel A. Horwitz" <daniel@horwitz.law>
Cc: Bill Wright <BWright@pepartners.org>, Will Patterson <WPatterson@pattersonbray.com>, pereira15 <pereira15@hotmail.com>, Michael Fann <MGFann@pepartners.org>

It remains our the position that it was issued correctly.




Danya Feinstein, ARM

[Quoted text hidden]

This message may contain confidential information. If you are not the intended
recipient, please advise the sender immediately by reply e-mail and delete this
message and any attachments. Thank you.

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]



Danya Feinstein, ARM

Liability and Property Supervisor

DFeinstein@PEpartners.org

562 Franklin Road, Suite 200 · Franklin, TN 37069

O: 615-371-6046

T: 800-979-6157

F: 615-370-0593

www.PEpartners.org

This message may contain confidential information. If you are not the intended
recipient, please advise the sender immediately by reply e-mail and delete this
message and any attachments. Thank you.

[Quoted text hidden]

EXHIBIT 8

 Gmail                                          J P <juliedelgado816@gmail.com>

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

**Will Patterson** <WPatterson@pattersonbray.com>                 Thu, Feb 6, 2025 at 2:20 PM
To: Danya Feinstein <DFeinstein@pepartners.org>
Cc: Bill Wright <BWright@pepartners.org>, pereira15 <pereira15@hotmail.com>, Michael Fann <MGFann@pepartners.org>,
"Daniel A. Horwitz" <daniel@horwitz.law>, J P <juliedelgado816@gmail.com>

Are you available to discuss this tomorrow? I have a meeting from 10:30 to 11:30. I can make myself available nearly any other time.

Please let me know what works best for you.

Also, will someone please forward me a copy of the settlement check, settlement agreement, and 1099 that was issued.

Will Patterson

**PattersonBray**

8001 Centerview Parkway, Suite 103

Memphis, TN 38018

901.372.5003

901.383.6599 (fax)

www.pattersonbray.com

CONFIDENTIALITY NOTICE

This transmission (including any attachments) contains information which is confidential and/or subject to the attorney-client or work product privilege, and is intended solely for the recipient(s) identified above. Any interception, copying, distribution, disclosure or other use of this transmission or any information contained in it is strictly prohibited, and may be subject to criminal and civil penalties. If you have received this transmission in error, please immediately reply via E-mail or phone at (901) 372-5003, and then delete the transmission from all forms of storage and destroy all hard copies. Thank you.

**From:** Danya Feinstein <DFeinstein@PEpartners.org>
**Sent:** Thursday, February 6, 2025 1:56 PM
**To:** J P <juliedelgado816@gmail.com>; Daniel A. Horwitz <daniel@horwitz.law>
**Cc:** Bill Wright <BWright@PEpartners.org>; Will Patterson <WPatterson@pattersonbray.com>; pereira15

EXHIBIT 8

 Gmail                                           J P <juliedelgado816@gmail.com>

---

**RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit**

---

**J P** <juliedelgado816@gmail.com>                              Thu, Feb 6, 2025 at 2:30 PM
To: Will Patterson <WPatterson@pattersonbray.com>
Cc: Danya Feinstein <DFeinstein@pepartners.org>, Bill Wright <BWright@pepartners.org>, pereira15
<pereira15@hotmail.com>, Michael Fann <MGFann@pepartners.org>, "Daniel A. Horwitz" <daniel@horwitz.law>

Afternoon Will,

I'm not sure if you're asking me or Mr. Horwitz.

I can be available tomorrow 9am-10am, or this afternoon any time.

All I have is my settlement check of $1 attached.  The remaining funds were paid to the law firm per the judge's order.

I have attached the 1099 and the order, relevant highlights on page 2 of 3.

425-280-7310 is my cell.

Thank you,

Julie
[Quoted text hidden]

---



**3 attachments**

📄 **$1 Check Public Entity Partners  (1).pdf**
630K

📄 **2024 1099 Public Entity Partners (1).pdf**
1583K

📄 **2024.07.09 Final Order RE Pereira vs City of Lakeland.pdf**
138K

**EXHIBIT 8**

 Gmail

J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

**Will Patterson** <WPatterson@pattersonbray.com>                    Thu, Feb 6, 2025 at 2:34 PM
To: J P <juliedelgado816@gmail.com>
Cc: Danya Feinstein <DFeinstein@pepartners.org>, Bill Wright <BWright@pepartners.org>, pereira15
<pereira15@hotmail.com>, Michael Fann <MGFann@pepartners.org>, "Daniel A. Horwitz" <daniel@horwitz.law>

I was actually asking for Danya Feinstein's availability.

Thank you for the documents.


Will Patterson

Patterson Bray PLLC

901.372.5003

[Quoted text hidden]

EXHIBIT 8

 **Gmail**                                                                                    J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

**J P** <juliedelgado816@gmail.com>                                              Thu, Feb 6, 2025 at 2:37 PM
To: Will Patterson <WPatterson@pattersonbray.com>
Cc: Bill Wright <BWright@pepartners.org>, "Daniel A. Horwitz" <daniel@horwitz.law>, Danya Feinstein
<DFeinstein@pepartners.org>, Michael Fann <MGFann@pepartners.org>, pereira15 <pereira15@hotmail.com>

   Thank you Will, I appreciate your assistance.

   Julie
   [Quoted text hidden]

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

**Will Patterson** <WPatterson@pattersonbray.com>                    Fri, Feb 7, 2025 at 9:56 AM
To: Danya Feinstein <DFeinstein@pepartners.org>, pereira15 <pereira15@hotmail.com>
Cc: Michael Fann <MGFann@pepartners.org>, "Daniel A. Horwitz" <daniel@horwitz.law>, J P
<juliedelgado816@gmail.com>, Bill Wright <BWright@pepartners.org>

While I do not represent PEP or Ms. Pereira, I'd hope you can get this worked out. If not, the standard 1099-MISC form provides instructions/guidance for recipients that believe the form is incorrect and how to notate that on your tax return – I'd suggest that Ms. Pereira review that, discuss with her CPA, and provide the appropriate documentation to explain why the funds are not income to her.


Will Patterson


## PattersonBray

8001 Centerview Parkway, Suite 103

Memphis, TN 38018

901.372.5003

901.383.6599 (fax)

www.pattersonbray.com

 CONFIDENTIALITY NOTICE

This transmission (including any attachments) contains information which is confidential and/or subject to the attorney-client or work product privilege, and is intended solely for the recipient(s) identified above. Any interception, copying, distribution, disclosure or other use of this transmission or any information contained in it is strictly prohibited, and may be subject to criminal and civil penalties. If you have received this transmission in error, please immediately reply via E-mail or phone at (901) 372-5003, and then delete the transmission from all forms of storage and destroy all hard copies. Thank you.


[Quoted text hidden]


EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

J P <juliedelgado816@gmail.com>                                      Fri, Feb 7, 2025 at 10:40 AM
To: Will Patterson <WPatterson@pattersonbray.com>
Cc: Bill Wright <BWright@pepartners.org>, "Daniel A. Horwitz" <daniel@horwitz.law>, Danya Feinstein
<DFeinstein@pepartners.org>, Michael Fann <MGFann@pepartners.org>, pereira15 <pereira15@hotmail.com>

Thank you Will,

Under no circumstances should I have to incur additional costs and expenses to hire an accountant because PEP doesn't
comprehend how regulations and caselaw works. I have worked for more than one accountant over the years and and I
am fully confident in completing and filing my own taxes, I also have an understanding of the regulations that govern this
issue.

I have absolutely no problem filing a motion to enforce the federal judges order, which is that payment for the attorney
fees go directly to my attorney and therefore he should be receiving the 1099.

I also have no problem filing a fraud complaint with the IRS and asking that PEP be investigated for violations of IRS
regulations

As I'm sure you can agree, if they want a fight, I'm here for it.

I will give them till Wednesday at the close of business to correct the 1099 for me to reflect $1, and to issue the correct
1099 to my attorney. After that I will proceed with a federal motion and a complaint to the IRS.

It is absurd to me that cities and
businesses in this state believe that they can just function in any way they see fit with blatant disregard for the laws and
regulations that govern them.
[Quoted text hidden]

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

**Will Patterson** <WPatterson@pattersonbray.com>                    Fri, Feb 7, 2025 at 11:22 AM
To: J P <juliedelgado816@gmail.com>
Cc: Bill Wright <BWright@pepartners.org>, "Daniel A. Horwitz" <daniel@horwitz.law>, Danya Feinstein
<DFeinstein@pepartners.org>, Michael Fann <MGFann@pepartners.org>, pereira15 <pereira15@hotmail.com>

I assumed you had an accountant and did not mention anything about incurring additional expenses. There
are multiple ways to resolve this issue. I certainly hope y'all can choose an amicable one. This is not an
issue that directly affects the City or requires my involvement.

Respectfully, I'd ask that y'all work together without my involvement.

[Quoted text hidden]

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

J P <juliedelgado816@gmail.com>                                              Fri, Feb 7, 2025 at 11:37 AM
To: Will Patterson <WPatterson@pattersonbray.com>
Cc: Bill Wright <BWright@pepartners.org>, "Daniel A. Horwitz" <daniel@horwitz.law>, Danya Feinstein
<DFeinstein@pepartners.org>, Michael Fann <MGFann@pepartners.org>, pereira15 <pereira15@hotmail.com>

Thank you Will,

I have provided the detained information necessary for PEP to make the corrections in compliance with the law and IRS
regulations. Ms. Feinstein has indicated, without any supporting information or regulations that they processed it
correctly.  That is false.

The Sixth Circuit Court of Appeals in 345 F. 3d 373 (2003), and Estate of Clarks v. Commissioner, 202 F.3d 854 (2000),
clarify that when an attorney receives a contingent fee from a litigation award, the plaintiff does not constructively receive
that portion as income. Similarly, in my case, my attorney was awarded approximately $32,000, which I never personally
received. The city's issuance of a 1099 suggesting I was paid that amount is incorrect and should be corrected to reflect
the accurate payee. (*The Court of Appeals for the Sixth Circuit reversed in part. 345 F. 3d (2003). It agreed the net
amount received by Banks was included in gross income **but not the amount paid to the attorney.** Relying on its prior
decision in Estate of Clarks v. Commissioner, 202 F. 3d 854 (2000), the court held the contingent-fee agreement was not
an anticipatory assignment of Banks' income because the litigation recovery was not already earned, vested, or even
relatively certain to be paid when the contingent-fee contract was made*)

Per **IRS Publication 525 (Taxable and Nontaxable Income)**, a reimbursement is not considered income unless it
represents a gain. Since my court costs were merely refunded, they should not be included in any tax reporting.

Additionally, **26 U.S.C. § 62(a)(20) & (21)** allows deductions for attorney's fees and court costs in cases involving civil
rights violations.

I've asked 3x for it to be corrected and they are unwilling to do so. I would prefer they just make the corrections and we
can all get on with our lives.

The City of Lakeland has hired PEP to handle the payments, correct?  If that is not the case, can you please disclose the
relationship?

Thank you,

Julie Pereira

[Quoted text hidden]

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

**Will Patterson** <WPatterson@pattersonbray.com>                                                    Fri, Feb 7, 2025 at 11:56 AM
To: J P <juliedelgado816@gmail.com>
Cc: Bill Wright <BWright@pepartners.org>, "Daniel A. Horwitz" <daniel@horwitz.law>, Danya Feinstein
<DFeinstein@pepartners.org>, Michael Fann <MGFann@pepartners.org>, pereira15 <pereira15@hotmail.com>

The City's insurance policy is through PEP. I do not disagree with you; however, neither I nor the City issued the 1099 and we cannot unilaterally correct it or reissue a 1099 that did not come from us.

In my view, the dispute can easily be resolved one of two ways: a revised 1099 is issued or you can send the IRS the same information that you sent to PEP with your tax return. Indeed, if you are correct (I believe you are), the IRS will agree, and the funds will not be considered income to you.

Again, I do not believe my involvement is necessary. I hope y'all can get this resolved without further confrontation.

Will Patterson

## PattersonBray

8001 Centerview Parkway, Suite 103

Memphis, TN 38018

901.372.5003

901.383.6599 (fax)

www.pattersonbray.com

CONFIDENTIALITY NOTICE

This transmission (including any attachments) contains information which is confidential and/or subject to the attorney-client or work product privilege, and is intended solely for the recipient(s) identified above. Any interception, copying, distribution, disclosure or other use of this transmission or any information contained in it is strictly prohibited, and may be subject to criminal and civil penalties. If you have received this transmission in error, please immediately reply via E-mail or phone at (901) 372-5003, and then delete the transmission from all forms of storage and destroy all hard copies. Thank you.

[Quoted text hidden]

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

**J P** <juliedelgado816@gmail.com>                                      Fri, Feb 7, 2025 at 2:54 PM
To: Will Patterson <WPatterson@pattersonbray.com>
Cc: Bill Wright <BWright@pepartners.org>, "Daniel A. Horwitz" <daniel@horwitz.law>, Danya Feinstein
<DFeinstein@pepartners.org>, Michael Fann <MGFann@pepartners.org>, pereira15 <pereira15@hotmail.com>

Thank you Will,

I would respectfully disagree that the city is not involved, as this is their insurance company. Its unusual that the
respective attorneys representing the plaintiff and defendant actually agree that this was paid incorrectly but the city's
liability company is refusing to budge or provide any support for their position.

I too hope that we can get this resolved amicably, but "It remains our the position that it was issued correctly" with
no further support of their position and no response from Mr. Wright or Mr. Fann leads me to believe that is not the case.

As PEP is the City's insurance company, I will also file a complaint with the TN Insurance commissioner's office.

I maintain my position that I will give them until the close of business Wednesday February 12, 2025 to provide me with a
copy of the updated 1099 to reflect the net award to me of $1 and then I will pursue all matters of recourse necessary.

Thank you,

Julie Pereira


[Quoted text hidden]

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

### PEP incorrect 1099-MISC issuance

**J P** <juliedelgado816@gmail.com>                                                           Fri, Feb 7, 2025 at 3:27 PM
To: rfarrar@fbb.law

Good Afternoon Mr. Farrar,

My name is Julie Pereira and I am reaching out to you today as you are listed as the Registered Agent (and I assume Counsel?) for Public Entity Partners (PEP).

In July 2024 I won a federal Civil rights First Amendment case against the City of Lakeland and they filed a claim with PEP to pay the award.

Last week I was shocked to receive a 1099-MISC for $32,501.20.

I provided Ms. Feinstein at PEP with the case law and IRS regulations governing attorney awards and reimbursement fees/costs paid, but she maintains (with zero basis provided) that they processed this 1099 correctly.

I do not agree, nor does my attorney Mr. Horwitz or the City attorney Will Patterson.

I would appreciate your assistance in getting PEP ro correctly reissue the 1099-MISC for $1 to me, and the remaining applicable funds to my attorney who provided his W-9. All but $1 of the order was paid to my attorney.

I am not the least bit interested in an additional lawsuit, and as this has been going on for over a week now- I have given PEP until the COB Wednesday to re-issue the corrected 1099's or I will file a motion in Federal Court to enforce Judge Norris' Order related to the payments. I will also file a complaint with the TN Insurance Commissioner's office and may seek additional litigation against PEP for their mishandling of the payments, as well as a request for investigation to the IRS. I am hoping none of that becomes necessary but I'm rather appalled at PEP's handling of this.

Here is a copy of the request I sent to Ms. Feinstein: Also please note that this says 1099-NEC which is an error on my part and should be 1099-MISC.

### 1. Attorney's Fees Should Not Be Reported as My Income

The Sixth Circuit Court of Appeals in 345 F. 3d 373 (2003), and Estate of Clarks v. Commissioner, 202 F.3d 854 (2000), clarify that when an attorney receives a contingent fee from a litigation award, the plaintiff does not constructively receive that portion as income. Similarly, in my case, my attorney was awarded approximately $32,000, which I never personally received. The city's issuance of a 1099-NEC suggesting I was paid that amount is incorrect and should be corrected to reflect the accurate payee. (*The Court of Appeals for the Sixth Circuit reversed in part. 345 F. 3d 373 (2003). It agreed the net amount received by Banks was included in gross income but not the amount paid to the attorney. Relying on its prior decision in Estate of Clarks v. Commissioner, 202 F. 3d 854 (2000), the court held the contingent-fee agreement was not an anticipatory assignment of Banks' income because the litigation recovery was not already earned, vested, or even relatively certain to be paid when the contingent-fee contract was made*)

### 2. Reimbursement of Court Costs and Fees is Not Taxable Income

Reimbursements of court costs and filing fees are not taxable income under IRS rules because they are merely restoring an individual to their prior financial position. IRS guidance confirms that amounts paid to reimburse expenses are not compensation and should not be reported on for. 1099-NEC.

EXHIBIT 8

The IRS instructions for Form 1099-NEC state that this form is used to report nonemployee compensation for services rendered. However, a **reimbursement/refund for court costs is not compensation** for services performed and should not be reported as income to me.

Per **IRS Publication 525 (Taxable and Nontaxable Income)**, a reimbursement is not considered income unless it represents a gain. Since my court costs were merely refunded, they should not be included in any tax reporting.

Additionally, **26 U.S.C. § 62(a)(20) & (21)** allows deductions for attorney's fees and court costs in cases involving civil rights violations. This reinforces that these amounts are not taxable income to me.

**3. The Proper Tax Treatment**

If the City intends to report the attorney's fees, they should be reported directly to the attorney, not to me. Additionally, the refund of my court costs should not be reported on a 1099-NEC at all.

I respectfully request that the City **correct** the 1099-NEC and issue either:

1. A corrected 1099 that omits improperly reported amounts, or
2. A statement confirming that the instant case 1099-NEC has been rescinded to prevent any IRS discrepancies.

Please confirm how the City plans to address this issue. I appreciate your prompt attention to this matter, as tax reporting deadlines are approaching.


Respectfully,

Julie Pereira

_____

**3 attachments**

**$1 Check Public Entity Partners  (1).pdf**
630K

**2024 1099 Public Entity Partners (1).pdf**
1583K

**2024.07.09 Final Order RE Pereira vs City of Lakeland.pdf**
138K


EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

**PEP incorrect 1099-MISC issuance**

---

**J. Russell Farrar** <rfarrar@fbb.law>                                                    Fri, Feb 7, 2025 at 3:42 PM
To: J P <juliedelgado816@gmail.com>

I have forwarded your email to claims to review and handle.   I would anticipate hearing from them soon.  This is my first issue with this matter.  Best, Russ

    **J. Russell Farrar | Senior Partner**

FARRAR | BATES | BEREXA

12 Cadillac Drive, Suite 480 | Brentwood, TN 37027

Main 615-254-3060 | Fax 615-254-9835

rfarrar@fbb.law | https://www.fbb.law

CONFIDENTIALITY NOTICE The information contained in this email message is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please delete the message. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege.

DISCLAIMER Pursuant to Circular 230 issued by the United States Treasury Department and relating to practice before the Internal Revenue Service, any comment or opinion in this communication relating to a federal tax issue is not intended to be used, and cannot be used, by a taxpayer for the purpose of avoiding tax-related penalties that may be imposed on the taxpayer.

On Feb 7, 2025, at 3:28 PM, J P <juliedelgado816@gmail.com> wrote:

[Quoted text hidden]
<$1 Check Public Entity Partners (1).pdf>
<2024 1099 Public Entity Partners (1).pdf>
<2024.07.09 Final Order RE Pereira vs City of Lakeland.pdf>

EXHIBIT 8

 Gmail                                                   J P <juliedelgado816@gmail.com>

---

**PEP incorrect 1099-MISC issuance**

---

**J P** <juliedelgado816@gmail.com>                                Tue, Feb 11, 2025 at 10:11 AM
To: "J. Russell Farrar" <rfarrar@fbb.law>, AShrum@pepartners.org, JMorrison@pepartners.org, Bill Wright
<BWright@pepartners.org>

Good Morning Mr. Farrar,

I wanted to touch base and see if you'd heard back on my request for Public Entity Partners to correct this
erroneously issued 1099?

You were not part of the initial email chain and I'm happy to forward it to you if you'd like but in the interest of expediting
this process here is the opinion of my attorney.  I believe the City attorney Will Patterson also believes that per Federal
Judge Norris' order, federal regulations, case law and the IRS regulations that this 1099 was issued incorrectly.

I would like to avoid any additional litigation, and am asking that this be resolved by the COB tomorrow 2/12/25.

My taxes are ready to file, save for this issue.  Please let me know if PEP intends to make the corrections and issue the
1099 to Mr. Horwitz.  The only 1099 issued to me should be for $1.

 **Daniel A. Horwitz**                                          Mon, Feb 3, 4:04 PM (8 days ago)
to Will, me, Danya, Bill, pereira15 ▾

It was not handled correctly. All but $1 00 was paid and made payable to my law firm, and all but $1 00 should be reported to my law firm based on the W-9 I provided

Best,

-Daniel

--
Daniel A. Horwitz, Esq
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law

 **HORWITZ**
LAW PLLC

Thank you,


Julie Pereira
[Quoted text hidden]

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

**PEP incorrect 1099-MISC issuance**

---

**J. Russell Farrar** <rfarrar@fbb.law>                                    Tue, Feb 11, 2025 at 2:30 PM
To: J P <juliedelgado816@gmail.com>, "AShrum@pepartners.org" <AShrum@pepartners.org>, "JMorrison@pepartners.org"
<JMorrison@pepartners.org>, Bill Wright <BWright@pepartners.org>
Cc: Michael Fann <MGFann@pepartners.org>, George Dalton <GDalton@pepartners.org>

I have sent all of your in formation over to our finance team.   They have a tax attorney reviewing.  I don't do
tax law and never have.  That is why we have engaged tax counsel.  Someone in finance will be in touch
with you.  Best, Russ



**J. Russell Farrar** | Senior Partner

**FARRAR | BATES | BEREXA**

12 Cadillac Drive, Suite 480 | Brentwood, TN 37027
Main 615-254-3060 | Fax 615-254-9835
**rfarrar@fbb.law | https://www.fbb.law**

CONFIDENTIALITY NOTICE The information contained in this email message is intended only for the use of the individual or
entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination,
distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please
delete the message. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product
privilege.

DISCLAIMER Pursuant to Circular 230 issued by the United States Treasury Department and relating to practice before the
Internal Revenue Service, any comment or opinion in this communication relating to a federal tax issue is not intended to be used,
and cannot be used, by a taxpayer for the purpose of avoiding tax-related penalties that may be imposed on the taxpayer.

**From:** J P <juliedelgado816@gmail.com>
**Sent:** Tuesday, February 11, 2025 10:11 AM
**To:** J. Russell Farrar <rfarrar@fbb.law>; AShrum@pepartners.org; JMorrison@pepartners.org; Bill Wright
<BWright@pepartners.org>
**Subject:** Re: PEP incorrect 1099-MISC issuance

Good Morning Mr. Farrar,

I wanted to touch base and see if you'd heard back on my request for Public Entity Partners to correct this
erroneously issued 1099?

You were not part of the initial email chain and I'm happy to forward it to you if you'd like but in the interest of expediting
this process here is the opinion of my attorney.  I believe the City attorney Will Patterson also believes that per Federal
Judge Norris' order, federal regulations, case law and the IRS regulations that this 1099 was issued incorrectly.

I would like to avoid any additional litigation, and am asking that this be resolved by the COB tomorrow 2/12/25.

My taxes are ready to file, save for this issue.  Please let me know if PEP intends to make the corrections and issue the
1099 to Mr. Horwitz.  The only 1099 issued to me should be for $1.

**EXHIBIT 8**

 Gmail                                                    **J P <juliedelgado816@gmail.com>**

---

**PEP incorrect 1099-MISC issuance**
---

**J P** <juliedelgado816@gmail.com>                              Tue, Feb 11, 2025 at 2:45 PM
To: "J. Russell Farrar" <rfarrar@fbb.law>
Cc: "AShrum@pepartners.org" <AShrum@pepartners.org>, "JMorrison@pepartners.org" <JMorrison@pepartners.org>, Bill
Wright <BWright@pepartners.org>, Michael Fann <MGFann@pepartners.org>, George Dalton <GDalton@pepartners.org>

Thank you very much, I appreciate your assistance and the update on this matter!

Julie Pereira
[Quoted text hidden]

EXHIBIT 8

 Gmail

J P <juliedelgado816@gmail.com>

---

**PEP incorrect 1099-MISC issuance**

---

**J. Russell Farrar** <rfarrar@fbb.law>                                    Wed, Feb 12, 2025 at 5:19 PM
To: J P <juliedelgado816@gmail.com>
Cc: "AShrum@pepartners.org" <AShrum@pepartners.org>, "JMorrison@pepartners.org" <JMorrison@pepartners.org>, Bill
Wright <BWright@pepartners.org>, Michael Fann <MGFann@pepartners.org>, George Dalton <GDalton@pepartners.org>

Good afternoon.  I wanted to keep you posted on everything going on with the issues raised by your email.
At the present time we have PEP staff and contacts working on responding to you.  We appreciate your
patience and will be back in touch as soon as we get the information to respond.  Although I am not a tax
attorney, feel free to reach out to me.  PEP will be in touch as soon as possible.  Best, Russ

[Quoted text hidden]

EXHIBIT 8

 Gmail                                                    **J P <juliedelgado816@gmail.com>**

---

### PEP incorrect 1099-MISC issuance

---

**J P** <juliedelgado816@gmail.com>                                    Wed, Feb 12, 2025 at 6:14 PM
To: "J. Russell Farrar" <rfarrar@fbb.law>
Cc: "AShrum@pepartners.org" <AShrum@pepartners.org>, Bill Wright <BWright@pepartners.org>, George Dalton
<GDalton@pepartners.org>, "JMorrison@pepartners.org" <JMorrison@pepartners.org>, Michael Fann
<MGFann@pepartners.org>

Good evening, Mr. Farrar,

I appreciate the update and will hold off on taking any further action today on my end since this is being actively worked
on.

I would really appreciate if this could be resolved one way or the other by Monday 2/17/25 at the close of business.

Thank you,

Julie Pereira
[Quoted text hidden]

**EXHIBIT 8**

# EXHIBIT 9

 Gmail                                                                                    J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

**J P** <juliedelgado816@gmail.com>                                              Tue, Feb 25, 2025 at 7:47 AM
To: "Daniel A. Horwitz" <daniel@horwitz.law>
Cc: Bill Wright <BWright@pepartners.org>, Danya Feinstein <DFeinstein@pepartners.org>, Michael Fann
<MGFann@pepartners.org>, Will Patterson <wpatterson@pattersonbray.com>, "emckenney@harrisshelton.com"
<emckenney@harrisshelton.com>, pereira15 <pereira15@hotmail.com>

   Good morning,

   Adding Mr. McKinney who is counsel of record on this instant case.

   Does PEP intend to correct the erroneous 1099 to me and issue a correct one reflecting the $1 award that I am financially
   responsible for?

   Thank you,

   Julie
   [Quoted text hidden]

EXHIBIT 9

# EXHIBIT 10

 Gmail                                                              J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

---

**Daniel A. Horwitz** <daniel@horwitz.law>                              Mon, Mar 3, 2025 at 8:33 AM
To: J P <juliedelgado816@gmail.com>
Cc: Bill Wright <BWright@pepartners.org>, Danya Feinstein <DFeinstein@pepartners.org>, Michael Fann
<MGFann@pepartners.org>, Will Patterson <wpatterson@pattersonbray.com>, "emckenney@harrisshelton.com"
<emckenney@harrisshelton.com>, pereira15 <pereira15@hotmail.com>

Dear PEP Representatives:

What is the deal here? The 1099 that PEP sent Ms. Pereira is wrong. Ms. Pereira has pointed that out, I have pointed that out, and Lakeland's own counsel has pointed that out. For reasons that defy explanation, though, this has not yet been fixed as far as I know. It also is causing Ms. Pereira significant expense and headache for which PEP is responsible.

Please respond by close of business tomorrow what the plan is to fix this. This is not acceptable. More than that, it is inexplicable. PEP cannot issue and maintain a knowingly inaccurate 1099, and there are actual consequences for doing so.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



[Quoted text hidden]

EXHIBIT 10

# EXHIBIT 11

 Gmail

J P <juliedelgado816@gmail.com>

---

## RE: EXTERNAL ATTACHMENT -Fwd: 1099 for Lakeland Lawsuit

**Daniel A. Horwitz** <daniel@horwitz.law>
To: Danya Feinstein <DFeinstein@pepartners.org>
Cc: J P <juliedelgado816@gmail.com>, Bill Wright <BWright@pepartners.org>, Michael Fann <MGFann@pepartners.org>, Will Patterson <WPatterson@pattersonbray.com>, emckenney@har

Danya:

I have never had to reach this point and am not accustomed to being ignored.  If PEP doesn't fix this by week's end, I am going to lodge a complaint with Tennessee's insurance regulators an
misconduct here.  This is not acceptable and has significant consequences for Ms. Pereira that you are responsible for remedying.

Best,

-Daniel

—
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law

**HORWITZ**
——— LAW PLLC ———

On Mar 3, 2025, at 8:33 AM, Daniel A. Horwitz <daniel@horwitz.law> wrote:

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]



**Danya Feinstein, ARM**

Liability and Property Supervisor

DFeinstein@PEpartners.org

562 Franklin Road, Suite 200 · Franklin, TN 37069

O: 615-371-6046

T: 800-979-6157

F: 615-370-0593

www.PEpartners.org

**This message may contain confidential information. If you are not the intended
recipient, please advise the sender immediately by reply e-mail and delete this
message and any attachments. Thank you.**

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]



**Danya Feinstein, ARM**

Liability and Property Supervisor

DFeinstein@PEpartners.org

562 Franklin Road, Suite 200 · Franklin, TN 37069

**EXHIBIT 11**

# EXHIBIT 12



J. Russell Farrar
Kristin Ellis Berexa
Laura Adams Hight
Cassandra M. Crane
Robyn Beale Williams
Jennifer Orr Buchanan
Mark E. McGrady
Addison Russell
A. Ryan Simmons

## Farrar Bates Berexa

12 Cadillac Drive
Suite 480
Brentwood, Tennessee 37027

Phone 615.254.3060
Fax 615.254.9835

Rebecca Leigh Moore
Benjamin C. Allen
William "Billy" Leslie
Mary Clark Herrod
Grace Patton
Jordan Tidwell

William N. Bates, Retired

March 7, 2025

Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law

RE:    1099 for Lakeland Lawsuit

Dear Mr. Horwitz:

As I am sure you are aware, tax attorneys, just like attorneys in other practice areas, have specialty areas. Since your client first contacted PEP, my client has been actively engaged in vetting tax attorneys to respond to her claim. This week, my client talked with a tax attorney who specializes in this area. The firm is currently running a conflicts check which should be concluded by today. As soon as the conflicts check is complete and my client formally engages the attorney, a letter from the attorney will be provided to you regarding this matter. PEP is not ignoring your client's claim but is rather doing its due diligence to provide her the most informed response to her claim.

Sincerely,

J. Russell Farrar
General Counsel to Public Entity Partners

JRF/jb

EXHIBIT 12

# EXHIBIT 13

 Gmail                                                    J P <juliedelgado816@gmail.com>

**Fwd: 1099 for Lakeland Lawsuit**

**Daniel A. Horwitz** <daniel@horwitz.law>                          Tue, Mar 18, 2025 at 3:42 PM
To: "J. Russell Farrar" <rfarrar@fbb.law>
Cc: "Janice A. Benson" <jbenson@fbb.law>, J P <juliedelgado816@gmail.com>

Mr. Farrar:

I am connecting you with Ms. Pereira (copied here) directly regarding this matter, who urgently needs your attention. You have our permission to (and, we hope, will) contact her about it. This is time-sensitive for her and she needs a solution.

Best,

-Daniel

--
Daniel A. Horwitz, Esq.
Horwitz Law, PLLC
daniel@horwitz.law
www.Horwitz.Law



[Quoted text hidden]

**EXHIBIT 13**

# EXHIBIT 14

 **Gmail**

J P <juliedelgado816@gmail.com>

---

**Fwd: 1099 for Lakeland Lawsuit**

J P <juliedelgado816@gmail.com>                                             Wed, Mar 19, 2025 at 10:30 AM
To: "Daniel A. Horwitz" <daniel@horwitz.law>
Cc: "J. Russell Farrar" <rfarrar@fbb.law>, "Janice A. Benson" <jbenson@fbb.law>, pereira15 <pereira15@hotmail.com>, Will Patterson <wpatterson@pattersonbray.com>

Good Morning Mr. Farrar and Mr. Patterson,

I would appreciate an update regarding PEP's engagement of legal counsel in this matter and the current status of addressing the misallocation of funds in the Form 1099-MISC issued to me.

I have exercised patience in seeking an amicable resolution; however, PEP's failure to take corrective action is not only unreasonable but also raises serious legal concerns. Issuing 1099s to both myself and my attorney for the same payment is improper and constitutes a misrepresentation of financial records. Such misreporting could be considered fraudulent under Tennessee law, specifically Tenn. Code Ann. § 39-14-121 (Fraudulent Use of a Credit Card or Misrepresentation in Business Transactions), which prohibits knowingly providing false financial information. Additionally, Tenn. Code Ann. § 39-14-105 (Theft of Property or Services) may apply if such misallocation results in improper financial benefit or burden–which it has.

Furthermore, PEP's conduct raises broader concerns regarding its financial practices, particularly given its role as an insurance provider for multiple municipalities across the state. As an entity handling taxpayer-funded insurance matters, transparency and compliance with both state and federal financial reporting laws are paramount. If this issue remains unresolved, I will be compelled to raise concerns with the City of Lakeland, the City's legal counsel, as well as state regulatory authorities regarding PEP's handling of these funds.

To clarify the issue:

- Mr. Horwitz has already been issued a Form 1099 reflecting $32,501.20 from my case, in addition to $9,977.55 from another case (Mr. Fisher's), for an aggregate total of $42,477.75.

- The additional $1.00 discrepancy should have been reflected on my 1099 alone, not on a duplicate 1099 for the entire amount.

- If PEP correctly allocated Mr. Fisher's 1099 without this error but failed to do so for me, it raises additional concerns of disparate treatment based on gender.

Additionally, PEP is acting as an authorized agent of the City of Lakeland in fulfilling court-ordered payment obligations and is bound by the terms of the Final Order issued by the U.S. District Court (ECF No. 21). The failure to comply with the Court's judgment constitutes a violation of federal law, including contempt under 18 U.S.C. § 401. (See Hollingsworth v. Perry, 570 U.S. 693 (2013) and Nat'l Ass'n of Gov't Employees v. Nat'l Emergency Med. Servs. Ass'n, 969 F.3d 24 (1st Cir. 2020)).

I would prefer to resolve this matter without the need for additional litigation or an Attorney General investigation. However, if PEP continues to ignore its obligation to correct this issue in accordance with federal and state law, I will be left with no choice but to pursue all legal avenues available to remedy this misreporting.

Please provide a written update on the status of the 1099 correction by the close of business on Thursday, March 20, 2025. Given that PEP has had since January 29, 2025, to resolve this, further delay will be unacceptable.

Respectfully,

**EXHIBIT 14**

Julie Pereira

[Quoted text hidden]

EXHIBIT 14