IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JULIE PEREIRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-2380-MSN-atc |
| ) | |
| CITY OF LAKELAND, TENNESSEE, and ) | |
| KATRINA SHIELDS, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Before the Court by order of reference[1] is Plaintiff Julie Pereira's Motion to Enforce Court Order, for Sanctions, and Costs and Fees, filed April 11, 2025.  (ECF No. 22.)  Non-party Public Entity Partners ("PE Partners") filed a Response on April 24, 2025 (ECF No 25), and Defendants City of Lakeland, Tennessee and Katrina Shields filed a Response on April 25, 2025 (ECF No. 27).  With leave of Court, Pereira filed replies to both Responses on May 2, 2025. (ECF Nos. 31–32.)

For the reasons below, it is recommended that Pereira's Motion be denied.

**PROPOSED FINDINGS OF FACT**

On June 6, 2024, Pereira filed a Complaint alleging violations of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.  (ECF No. 1 ¶¶ 49–71.) Specifically, Pereira alleged that Defendants violated her First Amendment rights by issuing a

---

[1] The Motion was referred to the undersigned for determination by United States District Judge Mark S. Norris on August 11, 2025.  (ECF No. 38.)

citation for her placement of a political sign in her front yard in purported violation of the City of Lakeland's sign regulations. (*Id.* ¶¶ 54–55.) The parties quickly resolved this matter, and Judge Norris entered the Final Order and Consent Decree ("the Final Order") on July 9, 2024. (ECF No. 21.) The Final Order provided for the following payments: (1) $688.45 to Pereira for reimbursement of "all fines, fees, costs, and expenses she has incurred for displaying her unredacted political yard sign"; (2) nominal damages of $1.00 to Pereira for violation of her First Amendment rights; and (3) $31,000 in attorneys' fees and $811.75 in costs, payable to Horowitz Law, PLLC ("Horowitz Law"). (*Id.* at 2.) PE Partners, the City of Lakeland's liability insurer, subsequently issued a check payable to Pereira for $1.00, and three checks totaling $32,500.20 payable to Horowitz Law representing the award of attorneys' fees, costs, and reimbursement of Pereira's expenses. (ECF No. 22, at 3–4.)

On April 11, 2025, Pereira filed her Motion seeking "enforcement of the Court's Final Order . . . due to continued noncompliance and fraud by the City of Lakeland, Tennessee" and PE Partners. (ECF No. 22, at 1.) Pereira contends that PE Partners wrongly issued two IRS Forms 1099-MISC—one to her and one to her legal counsel—"for the same court-ordered payments . . . ." (*Id.* at 1–2.) According to Pereira, the insurer improperly attributed the entire $32,501.20 as taxable income to Plaintiff, while also issuing Horowitz Law a 1099-MISC that included the same $32,501.20 paid directly to Horowitz Law following resolution of the case. (*Id.*) It is Pereira's position that this "misreporting" constitutes "contempt of this Court's order" and that she may be entitled "to civil damages under Tennessee common law for fraudulent misrepresentation, conversion, or civil theft, including possible treble damages under Tenn. Code Ann. § 29-3-104 and punitive damages for willful misconduct." (*Id.* at 2.)

2

In its Response, PE Partners asserts that Pereira is improperly seeking to "add PE Partners as a new party and assert six new claims" against it, which can only be done by seeking leave to amend her complaint rather than by the instant Motion. (ECF No. 25, at 3.) Because PE Partners is not and was not a party to the underlying lawsuit, it contends that it is not properly before the Court. (*Id.* at 2.) Defendants' Response alleges that Pereira's Motion contains no factual allegations as to any misrepresentation or fraud against them and only seeks to add new claims against PE Partners. (*Id.* at 3.) Further, Defendants argue that the Final Order is silent as to the tax treatment or reporting of the payments, and therefore Pereira's Motion fails as a matter of law. (*Id.* at 4.)

In her Reply, Pereira maintains that the Court has personal jurisdiction over PE Partners, that PE Partners was obligated to "comply with basic federal tax law" even though the Final Order was silent on tax reporting obligations, and that she was harmed due to the allegedly faulty tax reporting. (ECF No. 31, at 1–6.) She also argues that she is not asserting new causes of action against PE Partners, that her Motion necessarily implicates federal tax law, and that the Final Order's silence regarding tax treatment does not absolve PE Partners of its tax reporting obligations or negate the harm she allegedly suffered. (ECF No. 32, 1–7.)

## PROPOSED CONCLUSIONS OF LAW

"'A consent decree is essentially a settlement agreement subject to continued judicial policing' because it 'places the power and prestige of the court behind the compromise struck by the parties.'" *Busby v. Bonner*, No. 2:20-cv-2359-SHL-atc, 2022 WL 22895380, at *2 (W.D. Tenn. Mar. 30, 2022) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)). Accordingly, consent decrees "should be strictly construed to preserve the bargained for positions of the parties." *Id.* (quoting *Williams*, 720 F.2d at 920) (internal quotation marks

3

omitted). "[T]he scope of the consent decree must be discerned within its four corners and not by reference to what might satisfy the purposes of one of the parties." *Id.* (quoting *U.S. v. Armour & Co.*, 402 U.S. 673, 682 (1971)) (internal quotation marks omitted). "Should the court determine that judicial enforcement is necessary, it must act to 'protect the integrity of the decree with its contempt powers.'" *Id.* (quoting *Williams*, 720 F.2d at 920).

As a threshold matter, Pereira does not argue that Defendants violated the terms of the Final Order. In fact, Pereira seemingly acknowledges that Defendants complied with their obligations under the Final Order by ensuring the checks were issued (ECF No. 22, at 3–4); her allegations are directed to alleged wrongdoing by PE Partners. She has therefore presented no grounds for relief against Defendants as to the Final Order.

Pereira's attempt to seek relief against PE Partners in this lawsuit is improper. First, PE Partners is not a party in this case. Tellingly, Pereira's Motion takes the form of a pleading against PE Partners, with sections commonly included in complaints such as "parties," "jurisdiction and venue," "factual allegations," "causes of action," and "prayer for relief" (ECF Nos. 22, at 267–69, 272, 275) and seven distinct claims against PE Partners for violations of IRS regulations, federal law, the Tennessee Consumer Protection Act, fraudulent misrepresentation, conversion, and civil theft. (*Id.* at 272–75.) PE Partners, however, is not a party to this lawsuit, and Pereira has not sought leave to amend her Complaint.

As such, PE Partners is not bound by the terms of the Final Order. *See Mote v. City of Chelsea*, 252 F. Supp. 3d 642, 656 (E.D. Mich. 2017) ("Therefore, only the parties who agree can be bound by [a consent decree]."). Pereira's attempt to seek relief for PE Partner's alleged violation of the Final Order is therefore not well taken.

4

Even if PE Partners were subject to the Final Order, the Final Order is silent regarding tax treatment or reporting of payments.  It merely mandates how payments are to be made and the disposal of claims in the litigation.  (ECF No. 21.)  The Court cannot read into the Final Order a term that it does not contain.  *See McClusky v. Century Bank*, 598 F. App'x 383, 387 (6th Cir. 2015) ("Given the complete absence of any reference to tax reporting issues, the Settlement Order cannot be read as precluding [Defendant] from issuing the . . . 1099.").[2]  In effect, Pereira is asking the Court to enforce a term not found in the Final Order against an entity not bound by the Final Order.  That the Court cannot do.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Pereira's Motion be denied.

Respectfully submitted this 12th day of January, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.

---

[2] In light of these findings, the Court declines to reach Pereira's arguments regarding the taxability of an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).